[No. B068139. Second Dist., Div. Five. June 24, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
SHANNON WAYNE SHOAFF, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the indicated portion of part III.

## Counsel

Christopher Duran, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**TURNER, P. J.—**

### I. Introduction

Defendant was charged with grand theft (Pen. Code, § 487, subd. 1)[1] but convicted of petty theft (§ 488)—ordinarily a misdemeanor offense.[2] ▉▉ ▉▉ However, defendant received a felony sentence pursuant to section 666 because he had prior convictions for theft-related offenses for which he had served prison terms.[3] On appeal, defendant contends he was improperly convicted of a non-lesser-included offense and the evidence was insufficient. In the published portion of this opinion, we conclude defendant was properly convicted and sentenced to prison for petty theft with a prior theft-related conviction and incarceration as enumerated in section 666 and we affirm the judgment.

### II. Procedural Background

Defendant was charged with grand theft in violation of section 487, subdivision 1. The information also alleged defendant had served four prior

[1]Unless otherwise noted, all future references to a code are to the Penal Code.

[2]Section 487 and several of the sections following it define grand theft. Section 488 provides: "Theft in other cases is petty theft." Pursuant to section 490, "Petty theft is punishable by fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or both." Thus a violation of section 488 is a misdemeanor as defined in section 17, subdivision (a): "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."

[3]Section 666 provides: "Every person who, having been convicted of petit theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." The statute authorizes a court, in its discretion, to treat the offense as either a misdemeanor or a felony. (*People* v. *Bouzas* (1991) 53 Cal.3d 467, 471 [279 Cal.Rptr. 847, 807 P.2d 1076].)

prison terms for convictions of two of the theft-related offenses listed in section 666: two robbery convictions (§ 211) and two petty theft with a prior convictions. (§ 666).[4] Each allegation of a prior conviction referred specifically to section 667.5, subdivision (b) which mandates enhanced sentencing based on prior prison terms served for felonies.[5] There was also a special allegation of six prior convictions within the meaning of section 1203, subdivision (e)(4) which, if admitted or found true, would preclude a grant of probation.[6]

Defendant waived his right to a jury trial on the issue of his guilt or innocence and as to the alleged priors. Defendant made no request for a separate trial on the issue of the prior convictions and prison term enhancements. During trial, defendant admitted the two robbery and two petty theft with a prior convictions as alleged in the information. In addition, there was documentary evidence before the court, certified copies of records of the Department of Corrections, which showed defendant had been sentenced to prison as a result of three prior robbery convictions (case Nos. C40676, A457454, and A452115) and two prior petty theft with a prior convictions (case Nos. CR12702 and 44660). At the conclusion of the evidence, Superior Court Judge Victor T. Barrera found defendant guilty of petty theft. He further found true the allegations of prior theft-related convictions and incarcerations. Defense counsel timely objected on the grounds petty theft

---

[4]The information alleged defendant had served separate prison terms as a result of the following convictions: "defendant[ ] . . . was on and about the 15th day of December, 1981, in the [Los Angeles County Superior Court] convicted of the crime of ROBBERY . . . ."; "defendant[ ] . . . was on and about the 29th day of March, 1983, in the [Los Angeles County Superior Court] convicted of the crime of ROBBERY . . . ."; "defendant[ ] . . . was on and about the 10th day of June, 1987, in the [Monterey County Superior Court] convicted of the crime of PETTY THEFT WITH PRIOR . . . ."; "defendant[ ] . . . was on and about the 30th day of May, 1989, in the [San Joaquin County Superior Court] convicted of the crime of PETTY THEFT WITH PRIOR . . . ."

[5]Section 667.5 provides in relevant part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: . . . [¶] (b) . . . where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

[6]Section 1203 provides, in relevant part: "(e) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: . . . [¶] (4) Any person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony." The information alleged defendant had been convicted of the crimes described in footnote 4, above, and had also been convicted of burglary in Orange County Superior Court on March 7, 1979, and attempted robbery in Los Angeles County Superior Court on April 1, 1985.

with a prior was not a lesser and necessarily included offense of grand theft. Defense counsel did not claim he was surprised by the finding of guilt of petty theft with a prior. Defendant was sentenced to prison pursuant to section 666.

### III. DISCUSSION

 Defendant argues he could not be convicted of petty theft with a prior because it was not a lesser and necessarily included offense of grand theft. This argument assumes, incorrectly, that the prior theft-related conviction and incarceration requirement of section 666 is an element of an offense. Our Supreme Court has recently held the prior conviction and incarceration requirement of section 666 is a sentencing factor and not an element of an offense. In *People v. Bouzas, supra,* 53 Cal.3d at pages 478-479, the court held: "Section 666 is—and has been since 1872—part of title 16 of the Penal Code, which is directed primarily to sentencing and punishment matters, to the exclusion of statutes defining substantive crimes [citation]. This supports our conclusion that the Legislature has long intended that section 666 establishes a penalty, not a substantive 'offense.' [¶] The language of section 666 affirms this view. It is structured to enhance the punishment for violation of other defined crimes and not to define an offense in the first instance. It simply refers to other substantive offenses defined elsewhere in the Penal and Vehicle Codes and provides that if a defendant has previously been convicted of and imprisoned for any of these theft-related offenses, and thereafter commits petty theft (defined in section 484), the defendant is subject to punishment enhanced over that which would apply following a 'first time' petty theft conviction. [¶] In other words, a charge under section 666 merely puts a defendant on notice (see § 969 [prior convictions must be alleged in the information]) that if he is convicted of the substantive offense and if the prior conviction and incarceration allegation of section 666 is admitted or found true, he faces enhanced punishment at the time of sentencing. We conclude that, on its face, section 666 is a sentence-enhancing statute, not a substantive 'offense' statute."

Because the prior conviction and incarceration requirement of section 666 is not an element of an offense, the relevant question is not whether petty theft with a prior is a lesser and necessarily included offense of grand theft—the crime with which defendant was charged. Rather, the question is whether petty theft is a lesser and necessarily included offense of grand theft. The answer to that question is, indisputably, yes. (*Gomez v. Superior Court* (1958) 50 Cal.2d 640, 643-647 [328 P.2d 976]; *People v. McElroy* (1897) 116 Cal. 583, 584, 587 [48 P. 718].) Therefore, when the court found defendant had committed a petty theft, as distinguished from a grand theft, it convicted him of a lesser included offense of that charged in the information.

This brings us to the question whether defendant was placed on notice he was subject to the provisions of section 666. ▉ Our Supreme Court has defined a defendant's due process right to notice as follows: " 'No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.' [Citations.] 'A criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial.' [Citation.]" (*People v. Toro* (1989) 47 Cal.3d 966, 973 [254 Cal.Rptr. 811, 766 P.2d 577].) ▉ There is no question defendant was on notice he could be convicted of petty theft as a lesser included offense. The Supreme Court has repeatedly stated that an accusatory pleading provides notice of the specific offense charged and also of necessarily included offenses. (*People v. Toro, supra,* 47 Cal.3d at p. 973; *People v. Lohbauer* (1981) 29 Cal.3d 364, 368-369 [173 Cal.Rptr. 453, 627 P.2d 183]; *In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345].) Therefore, the charge of grand theft against defendant necessarily provided notice he could be convicted of petty theft.[7]

▉ Further, "a valid accusatory pleading need not specify by number the statute under which the accused is being charged. [Citations.]" (*People v. Thomas* (1987) 43 Cal.3d 818, 826 [239 Cal.Rptr. 307, 740 P.2d 419]; §§ 952, 960.) It is the specific factual allegations of a pleading which

---

[7]This case is distinguishable from *People v. Wolcott* (1983) 34 Cal.3d 92, 101 [192 Cal.Rptr. 748, 665 P.2d 520], and its progeny. In *Wolcott*, the Supreme Court held that a special allegation could not be considered in determining a lesser included offense. In *Wolcott*, the court concluded "that an allegation of firearm use under section 12022.5 should not be considered in determining [a] lesser included offense." (*Ibid.*; accord, *People v. Toro, supra,* 47 Cal.3d at p. 972; *People v. Richmond* (1991) 2 Cal.App.4th 610, 616 [3 Cal.Rptr.2d 252]; *People v. Delahoussaye* (1989) 213 Cal.App.3d 1, 10 [261 Cal.Rptr. 287]; cf. *People v. Sheldon* (1989) 48 Cal.3d 935, 961-962 [258 Cal.Rptr. 242, 771 P.2d 1330].) In those cases, the courts noted that in determining whether an offense was necessarily included, an element of the greater offense could not be inferred from the special allegation. For example, in *People v. Wolcott, supra,* 34 Cal.3d at pages 98-102, the court concluded that assault with a deadly weapon (§ 245, subd. (a)) was not a lesser included offense of a robbery charge (§ 211) with a special allegation that the defendant used a firearm in the commission of the robbery. The Supreme Court determined that the section 12022.5 allegation could not be considered in determining whether assault with a deadly weapon was a lesser included offense of robbery. (34 Cal.3d at p. 101.) The offense of which defendant has been convicted in the present case is petty theft. Our Supreme Court in *Bouzas* held that section 666 "is a sentence-enhancing statute, not a substantive 'offense' statute." (*People v. Bouzas, supra,* 53 Cal.3d at p. 479.) The substantive offense of which defendant was convicted in the present case was petty theft, a lesser included offense of the charge of grand theft which was on the face of the information. The notice element of the lesser offense has not been provided by the special enhancement allegations. The notice was provided by the charged offense of grand theft. Accordingly, *Wolcott* and its progeny are not the controlling authority in this case.

determine what offenses are charged. (*People* v. *Thomas*, *supra*, 43 Cal.3d at p. 826.) An accusatory pleading must likewise allege each fact required for imposition of an enhanced term. (*People* v. *Hernandez* (1988) 46 Cal.3d 194, 208 [249 Cal.Rptr. 850, 757 P.2d 1013]; *People* v. *Jackson* (1985) 37 Cal.3d 826, 835, fn. 12 [210 Cal.Rptr.623, 694 P.2d 736]; *People* v. *Haskin* (1992) 4 Cal.App.4th 1434, 1439-1440 [7 Cal.Rptr.2d 1].) In the case of *In re Mitchell* (1961) 56 Cal.2d 667, 669-670, 671 [16 Cal.Rptr. 281, 365 P.2d 177], a defendant charged with petty theft, a misdemeanor, and with having previously been convicted of a felony, was found guilty of petty theft with a prior. He was then sentenced to state prison pursuant to section 667.[8] The information had not specifically alleged the defendant was subject to the provisions of section 667. The defendant argued he had not been on notice he could be convicted of a felony. The Supreme Court disagreed: "With clarity, [the information] charges petty theft with a prior felony conviction, the very elements necessary to constitute a violation of section 667, a felony. [Defendant] could not possibly have been misled." (56 Cal.2d at p. 670.) In *People* v. *Franco* (1970) 4 Cal.App.3d 535, 538-539 [84 Cal.Rptr. 513], the defendant was charged with petty theft as well as with a prior conviction of and incarceration for petty theft. The information had not specifically alleged the defendant was subject to the provisions of section 666. The defendant admitted the prior, was found guilty of petty theft, and was sentenced to state prison pursuant to section 666. The defendant argued he was not on notice the charged offense could be elevated to a felony because of his admission of the prior conviction. The Court of Appeal disagreed, citing *In re Mitchell*, *supra*, 56 Cal.2d at pages 669-670. (*People* v. *Franco*, *supra*, 4 Cal.App.3d at pp. 538-539.)

We hold defendant was on notice he was subject to the provisions of section 666. Defendant was charged with grand theft, a lesser included offense of which is petty theft. Defendant was on notice he could be found guilty of petty theft. (*People* v. *Toro*, *supra*, 47 Cal.3d at p. 973; *People* v. *Lohbauer*, *supra*, 29 Cal.3d at pp. 368-369; *In re Arthur N.*, *supra*, 16 Cal.3d at p. 233.) He was also charged with prior convictions and incarcerations for offenses enumerated in section 666. Thus, the information alleged, as a factual matter, all of the elements necessary for the imposition of punishment pursuant to section 666. Defendant could not have been misled by the absence of a specific reference to section 666.

---

[8]Section 667 then provided: " 'Every person who, having been convicted of any felony either in this State or elsewhere, and having served a term therefor in any penal institution, commits petty theft after such conviction, is punishable therefor by imprisonment in the county jail not exceeding one year or in the State prison not exceeding five years.' " (*In re Mitchell*, *supra*, 56 Cal.2d at p. 668, fn. 1.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

## IV. Disposition

The judgment is affirmed.

Armstrong, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied July 9, 1993, and appellant's petition for review by the Supreme Court was denied September 22, 1993.

*See footnote, *ante*, page 1112.