[No. B075000. Second Dist., Div. Four. Jan. 31, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
THEODORE FLYNN, Defendant and Appellant.

**COUNSEL**

Patricia G. Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Jaime L. Fuster and Raymund F. Robles, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VOGEL (C. S.), J.**—Theodore Flynn appeals from the judgment entered following a jury trial that resulted in his conviction of assault with a deadly

weapon (Pen. Code, § 245, subd. (a)(1))[1] and court findings that he had suffered three prior serious felony convictions (§ 667, subd. (a)). He was sentenced to prison for a total term of eighteen years, comprised of a three-year middle term on his assault conviction, plus three consecutive five-year terms for the prior serious felony enhancements.

## ISSUE PRESENTED

Appellant contends the three prior serious felony enhancements must be stricken because the current offense is not a serious felony under section 1192.7, subdivision (c)(8). We find the trial court properly found the current offense to be a serious felony under subdivision (c)(23) of that section and affirm the judgment.

## FACTUAL STATEMENT

Viewed in accordance with the usual rules on appeal (*People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]), the evidence established on August 8, 1992, in the early afternoon, Chinh Tran was standing in the cashier's line at the Arco gas station near East Imperial Highway when appellant approached and asked for money. Tran, who did not know appellant, replied he had no money. When Tran returned to his car, another man was pumping gas for him. Tran sat in the driver's seat and looked for change to give the man. As Tran looked towards his passenger, Thang Van Pham, appellant stabbed Tran on his left side towards the back of his rib cage. Pham saw appellant pull out the knife after the stabbing. Tran turned and saw appellant holding a knife about three feet away. The police recovered a small folding knife from appellant. Tran was in the hospital for three days.

Appellant presented no affirmative defense.

## DISCUSSION

### 1. *Serious Felony Established Under Section 1192.7, Subdivision (c)(23)*

■ Appellant contends the trial court found the serious felony to be established under subdivision (c)(8) of section 1192.7, and that such finding was precluded by the lack of a true finding on the great bodily injury (GBI) allegation (§ 12022.7). We find no merit to his contention.

The amended information alleged appellant personally inflicted great bodily injury within the meaning of section 12022.7, which caused the

---

[1]All future section references are to the Penal Code.

charged offense to be a serious felony within the meaning of subdivision (c)(8) of section 1192.7. The jury found this allegation to be not true. A true finding in this regard, however, is not a prerequisite to a determination that the charged offense is a serious felony under section 1192.7.

Section 12022.7 pertains to the establishment of the GBI enhancement. It is subdivision (c) of section 1192.7 which lists the categories of "serious felonies" for the purpose of imposing a prior serious felony enhancement under section 667, subdivision (a). (*People* v. *Equarte* (1986) 42 Cal.3d 456, 461 [229 Cal.Rptr. 116, 722 P.2d 890].) These two provisions overlap to the extent subdivision (c)(8) of section 1192.7 lists a " 'serious felony' " as "any [] felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, . . ." Accordingly, a finding of GBI under section 12022.7 necessarily renders the offense a serious felony under subdivision (c)(8) of section 1192.7.

However, the converse is not true. The absence of a finding under section 12022.7 does not mean the charged offense is not a serious felony under subdivision (c) of section 1192.7. The charged offense may still be a serious felony if the prosecution proves the existence of any of the other categories in subdivision (c). *Equarte* held the trial court was entitled to find the charged offense to be a serious felony under subdivision (c)(23) of section 1192.7, even though that subdivision was not alleged in the information, where the prosecution proved the defendant's "personal use" of such a weapon. (*People* v. *Equarte, supra,* 42 Cal.3d at pp. 459, 460, 465, 467.)

Moreover, the trial court was entitled to base its finding of a serious felony on the evidence presented at trial and was not bound by the jury's not true finding on the GBI allegation because the issue of whether appellant suffered the prior serious felony convictions was bifurcated from the trial on the charged offense and the GBI allegation.[2] (*People* v. *Equarte, supra,* 42 Cal.3d at p. 467.)

Contrary to appellant's assertion, the trial court did not base its finding of a serious felony on subdivision (c)(8) of section 1192.7. It did refer to that

---

[2]Both the clerk's transcript and the reporter's transcript reflect on January 13, 1993, after the jury retired to deliberate, appellant waived the right to a jury trial on the prior conviction allegations. On a related matter, however, there is an apparent inconsistency between the clerk's transcript and the reporter's transcript. According to the clerk's transcript, on January 11, 1993, prior to impanelment of the jury, appellant's motion to bifurcate the trial on the prior conviction allegations was granted. The reporter's transcript fails to disclose any ruling on the motion. We deem the clerk's transcript to be the correct recital of the record in this regard. (See, e.g., *People* v. *Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152]; *People* v. *Ritchie* (1971) 17 Cal.App.3d 1098, 1103 [95 Cal.Rptr. 462]; *In re Evans* (1945) 70 Cal.App.2d 213, 216 [160 P.2d 551].)

subdivision. However, viewed in context, it is clear that the court found the offense, instead, to be a serious felony under subdivision (c)(23) ("any felony in which the defendant personally used a dangerous or deadly weapon"). After noting the jury made no GBI finding, the court found a serious felony based on the fact appellant used a knife to injure the victim. It did not address whether the victim suffered great bodily injury or serious injury as the result of the stabbing.

Ample evidence presented at trial supports this finding. (*People* v. *Elmore* (1990) 225 Cal.App.3d 953, 957 [275 Cal.Rptr. 315].) An eyewitness saw appellant pull out the knife after the stabbing. The victim saw appellant holding the knife immediately after the stabbing, and a knife was found on appellant when he was apprehended. There was no evidence to suggest anyone other than appellant wielded the knife. (See *People* v. *Equarte, supra*, 42 Cal.3d at pp. 460, 467.) Accordingly, to invalidate the finding on the basis the court inadvertently referred to subdivision (c)(8) of section 1192.7 instead of subdivision (c)(23) would improperly elevate form over substance. (*People* v. *Thomas* (1987) 43 Cal.3d 818, 830-831 [239 Cal.Rptr. 307, 740 P.2d 419]; see also *People* v. *Menius* (1994) 25 Cal.App.4th 1290, 1293-1295 [31 Cal.Rptr.2d 15] [obvious inadvertent misstatement by trial court as to wrong subdivision of applicable statute does not vitiate effort to impose enhancement]; *People* v. *Scott* (1994) 229 Cal.App.3d 707, 715-716 [280 Cal.Rptr. 274] [even a reference to a wrong statute may be immaterial]; *People* v. *Schultz* (1965) 238 Cal.App.2d 804, 808 [48 Cal.Rptr. 328] [inadvertent misstatement reversing order of guilty and innocence verdicts].)

2. *Absence of Subdivision (c)(23) Allegation Not Denial of Due Process*

 Appellant also contends a serious felony finding under subdivision (c)(23) of section 1192.7 is precluded for the reason the information expressly alleged subdivision (c)(8) and no mention was made of subdivision (c)(23). We disagree. The absence of any reference to that particular subdivision is not controlling. *Equarte* expressly upheld a serious felony finding under subdivision (c)(23) although the information contained no allegation that the defendant had personally used a dangerous or deadly weapon in the charged offense. (*People* v. *Equarte, supra*, 42 Cal.3d at pp. 459, 467.)

We are cognizant that *Equarte* did not involve a reference to any specific provision of section 1192.7, subdivision (c), and that it based its holding on the fact that the defendant's failure to demur waived any uncertainty concerning which specific category under subdivision (c) of section 1192.7 the prosecution was relying upon to prove the serious felony. (42 Cal.3d at pp. 459, 466-467.) We also acknowledge *Equarte* stated: "We do not suggest

that where an information charges that an offense qualifies as a serious felony by virtue of a specific subdivision of section 1192.7, the prosecution is free to change its theory at trial and attempt to sustain the enhancement on the basis of a different subdivision. In light of the clarification provided by [*People* v. ] *Thomas* [(1986) 41 Cal.3d 837 (226 Cal.Rptr. 107, 718 P.2d 94)] and the present decision, we trust that in the future the prosecution will afford defendants adequate notice of the specific subdivision or subdivisions of section 1192.7 on which it is relying to establish that both the current and prior offenses are serious felonies for purposes of section 667." (*Id.* at p. 467, fn. 13.)

We conclude that *Equarte* did not hold a prior serious felony enhancement must be reversed in all instances where the prosecution proves a serious felony under a specific provision of subdivision (c) of section 1192.7 other than the one expressly pleaded in the information. The pivotal inquiry is whether the defendant had notice of the undesignated serious felony category and, if not, whether he nonetheless had an opportunity to defend.

*Equarte* holds that the defendant is entitled to notice of the factual basis underlying the serious felony allegation rather than the precise subdivision designation. (*People* v. *Equarte, supra,* 42 Cal.3d at p. 465.) "It is the specific factual allegations of a pleading which determine what offenses are charged. . . . An accusatory pleading must likewise allege each fact required for imposition of an enhanced term." (*People* v. *Shoaff* (1993) 16 Cal.App.4th 1112, 1117-1118 [20 Cal.Rptr.2d 464], citations omitted.)

At the trial on the enhancements appellant acknowledged he was aware that the prosecution charged the current offense as a serious felony under the theory of personal use of a deadly weapon but argued that the word "personally" was not pleaded and there was no specific finding of personal use of the knife by the jury.[3] As discussed, *ante,* the absence of a jury finding in this regard is of no import since a court trial was held on the enhancements. Moreover, we conclude that the pertinent pleading sufficiently apprised appellant that the prosecution intended to proceed under

---

[3]In this regard the record reveals appellant acknowledged "for a 245 to be a serious felony, . . . there [has to be] a finding of personal use of a deadly weapon or great bodily injury allegation for there to be a finding. There doesn't have to be [a] 12022(B) enhancement. What there does have to be is some sort of showing that the knife or whatever the deadly weapon is [] an element of the offense. [¶] How they do that is in the charging documents by saying so and so committed an assault with a deadly weapon, to wit, a knife on so and so on a certain occasion. That's how the case that we tried was pled." His complaint in this regard was simply the word "personally" was not pleaded and proved.

The prosecutor argued the fact the word "personally" was not pleaded in the information does not preclude a finding of "serious felony" under subdivision (c)(23) because under

subdivision (c)(23) of section 1192.7, i.e., he "personally used a dangerous or deadly weapon."

The amended information alleged appellant committed "an assault upon [Tran] with a deadly weapon, to wit, a knife, and by means of force likely to produce great bodily injury[,]" and that appellant "personally inflicted great bodily injury upon [Tran]."

■ An offense under section 245, subdivision (a)(1) is committed when the accused "commits an assault upon the person of another with a deadly weapon . . . or by any means of force likely to produce great bodily injury[.]" Because the disjunctive is employed "the two acts mentioned in Penal Code section 245 must be treated separately." (*People* v. *Ramos* (1972) 25 Cal.App.3d 529, 538 [101 Cal.Rptr. 230].) However, only the single act of assault with a deadly weapon is charged where, as here, the offense is alleged in the conjunctive. In such instance the phrase "by means of force likely to produce great bodily injury" simply describes the manner in which the weapon is used and serves to explain why it thereby constitutes a deadly weapon. In other words, the allegation of assault with a deadly weapon, to wit, a knife, and by means of force likely to produce great bodily injury placed appellant on notice that he was charged with committing the assault by wielding a knife with force likely to produce great bodily injury. (See *People* v. *Herd* (1963) 220 Cal.App.2d 847, 850 [34 Cal.Rptr. 141] ["Although not an inherently deadly weapon, a knife becomes such when used in such a manner as to cause severe bodily injury."].) Appellant was also placed on notice that he was charged with personally using the knife because it was further alleged that he personally inflicted great bodily injury.[4]

■ We conclude that reversal of a serious felony enhancement is not required where the prosecution's change in the theory underlying the

*Equarte* the court could base its finding of personal use from the evidence, which in this case conclusively showed the only person who could have used the knife was appellant.

Appellant stated he wanted to preserve the issue for appeal and asked "the court not to find it as a serious felony since there was no [true finding on the GBI allegation] and certainly there was no finding, specific finding of personal use of the knife."

When the court noted there was no GBI finding, appellant responded, "That's correct. And so it's a serious felony [on] just personal use of a deadly weapon." He then stated he would submit it but asked "the court to hold it as a non-serious offense, since this would not support [a] 667 [enhancement]."

[4]As discussed, *ante*, whether appellant has notice of the factual basis underlying the serious felony is determined by the specific allegations of the accusatory pleading. (*People* v. *Shoaff*, *supra*, 16 Cal.App.4th at pp. 1117-1118.) Accordingly, the trial court's misreading of the amended information as actually alleged is of no legal import. The amended information alleged "[o]n or about August 8, 1992, in the County of Los Angeles, the crime of ASSAULT GREAT BODILY INJURY AND WITH DEADLY WEAPON, in violation of PENAL CODE SECTION 245(a)(1), a Felony, was committed by THEODORE FLYNN, who did willfully and unlawfully commit an assault upon Chinh Tran with a deadly weapon, to wit, a knife, and by means of force likely to produce great bodily injury." The court, however, read the amended

charged serious felony does not deprive the defendant of an opportunity to defend against this change. In the present case appellant makes no claim of prejudice resulting from the prosecution's reliance on its theory based on subdivision (c)(23) of section 1192.7. The record in fact reveals appellant was not deprived of the opportunity to defend against this theory. The amended information alleged appellant committed the assault with a deadly weapon, to wit, a knife, and with personally inflicting great bodily injury. Appellant thus knew he would have to show that he did not personally use a knife in defending against the allegations of the amended information, which was filed before the impanelment of the jury. Accordingly, appellant was fully cognizant of the factual basis underlying the prosecution's theory that the current offense was a serious felony within the meaning of subdivision (c)(23) ("defendant personally used a dangerous or deadly weapon") of section 1192.7. His burden was in no way increased or otherwise altered by reason of his having to defend against a charge of personal use of the knife since the uncontroverted evidence disclosed no accomplice. (See *People* v. *Equarte*, *supra*, 42 Cal.3d at pp. 460, 467.) The enhancements are therefore valid. (*People* v. *Thomas*, *supra*, 43 Cal.3d at pp. 830-831.)

DISPOSITION

The judgment is affirmed.

Epstein, Acting P. J., and Hastings, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 10, 1995.

---

information to the jury as follows: "on or about August 8, 1992, in the County of Los Angeles, the crime of assault with great bodily injury *and/or* with a deadly weapon in violation of Penal Code section 245(a)(1), a felony, was committed by Theodore Flynn who did willfully and unlawfully commit an assault upon Chinh Tran, last name is T-r-a-n, with a deadly weapon, to wit, a knife *and/or* by means of force likely to produce great bodily injury." (Italics added.)