[No. A068992. First Dist., Div. Five. July 11, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
ROOSEVELT JEFFERY TERRY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of sections II.A.(1), II.A.(3)-(5), and II.B.

## Counsel

Cynthia A. Thomas and Kathleen Kahn, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Joan Killeen and Allan Yannow, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**PETERSON, P. J.**—In this case we will hold that the crime of petty theft with a prior (Pen. Code,[1] §§ 484, 486, 666) can constitute a felony offense within the meaning of the three strikes sentencing law.

### I. Factual and Procedural Background

Appellant in this action, Roosevelt Jeffery Terry, was convicted of stealing a purse at a service station. The victim momentarily left her car to pay for her gas. While she was gone, appellant reached inside the car and stole her purse. When the woman realized what had happened, she called the police. Appellant was apprehended shortly thereafter. He asked the officer who caught him, " '[I]f I show you where the stuff is at, will I have to go to jail?' "

Based on these facts, an information was filed charging appellant with, inter alia, one count of petty theft with a prior. The information also alleged

---

[1] All subsequent statutory references are to the Penal Code.

that appellant had two prior serious felony convictions within the meaning of the three strikes law (§ 667, subds. (d) and (e)), and that appellant had served a prior prison term within the meaning of section 667.5, subdivision (b).

The case was tried before a jury which convicted appellant on the offense noted above. The jurors also found true the prior conviction and prior prison term allegations. The court thereafter sentenced appellant to a term of 25 years to life in prison. This appeal followed.

II.  DISCUSSION

   A.  *Three Strikes Issues*

     1.  *Discretion to Dismiss the Strike Allegations**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

     2.  *Whether Petty Theft With a Prior Can Be a Felony Under the Three Strikes Law*

   ▮ If, on remand, the court should decline to exercise its authority to strike both of the prior conviction allegations, or if the court should decide to strike only one of those priors, it will undoubtedly be called upon to address another argument appellant has advanced on this appeal: whether the crime of petty theft with a prior can be deemed a felony under the three strikes law. To provide the court with guidance should the issue arise, we address that argument now.

The sentencing directives of section 667, subdivision (e) apply when "a defendant has been convicted of a felony . . . ." (§ 667, subd. (c).) ▮ Whether a crime is a felony or a lesser offense is often dependent upon the type of punishment that is statutorily mandated. As Witkin explains, "If the statute does not characterize the crime as either a felony or a misdemeanor, but specifies a punishment, that becomes the test. If the statute calls for imprisonment in the state prison, the offense is a felony. [Citations.] If such imprisonment is not specified, the offense can only be a misdemeanor or infraction. [Citation.]" (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Introduction to Crimes, § 75, pp. 91-92.)

   ▮ Petty theft (§§ 484, 486, 488) is ordinarily a misdemeanor. Pursuant to section 490 it is "punishable by fine not exceeding one thousand dollars . . . , or by imprisonment in the county jail not exceeding six

---

*See footnote, *ante*, page 329.

months, or both." An offense punishable in this manner is, by definition, a misdemeanor. (See § 17, subd. (a) ["A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."]; see also *People* v. *Shoaff* (1993) 16 Cal.App.4th 1112, 1114 [20 Cal.Rptr.2d 464].)

However, petty theft can be punished more harshly under certain circumstances. Section 666 states, "Every person who, having been convicted of petit theft, grand theft, auto theft . . . , burglary, carjacking, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution . . . , is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." ▇ Offenses that are punishable by imprisonment either in the county jail or in the state prison are called "wobblers." (See, e.g., *People* v. *Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 355 [45 Cal.Rptr.2d 107].) In the case of wobblers, the characterization of the crime is dependent upon the actual punishment imposed. (*Ibid.*) When a defendant is sentenced to state prison, the offense is a felony; when the defendant is sentenced to county jail, the offense is a misdemeanor. (*Ibid.*; see also *People* v. *Trausch* (1995) 36 Cal.App.4th 1239, 1246-1247 [42 Cal.Rptr.2d 836].)

▇ Here, the court sentenced appellant to state prison. By doing so, the court characterized the offense as a felony. Accordingly we conclude petty theft with a prior can be deemed a felony under the three strikes sentencing law.

The arguments appellant advances in an effort to avoid this conclusion are unpersuasive. He first cites *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076] for the proposition that the crime of petty theft can only be deemed a misdemeanor even when the additional prior crime elements of section 666 are satisfied. We see nothing in *Bouzas* that would support that conclusion. Indeed, the *Bouzas* court specifically said that "the [trial] court is given discretion to treat the offense [of petty theft with a prior] as either a misdemeanor or a felony." (53 Cal.3d at p. 471.) Appellant also relies on isolated language from *In re Boatwright* (1932) 216 Cal. 677, 683 [15 P.2d 755], where the court stated, "Petit larceny, or petit theft, is not of itself a felony, and becomes such only when it is superadded to some other offense of which the party charged has suffered conviction, and this is done, not to enlarge the scope of the crime, but to add to the punishment of the person who commits it, for his many prior violations of the law." Appellant interprets this language to mean that the petty theft can only be

deemed a misdemeanor. Again we disagree. While the language quoted does indicate that petty theft is not ordinarily a felony, the court expressly recognized that it "becomes such," i.e., it becomes a felony, when prior convictions are present. This is consistent with our interpretation of the current law.

3.-5.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Prior Conviction Allegation**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

III. DISPOSITION

Appellant's conviction is affirmed. We remand the case for resentencing consistent with the views set forth herein.

Haning, J., and Ely, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied October 2, 1996. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 329.
†Judge of the Solano Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.