Filed 8/26/16  In re Trevor G. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re TREVOR G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TREVOR G.,<br><br>        Defendant and Appellant. | A146296<br><br>(San Francisco County<br>Super. Ct. No. JW156064) |

Trevor G. appeals from a juvenile court order declaring him a ward of the court and committing him to the probation department for out-of-home placement after the court found that he committed a misdemeanor count of grand theft.  He claims, and the Attorney General concedes, that (1) the offense must be reduced to petty theft because insufficient evidence was presented that the property taken was worth more than $950; (2) the maximum term of confinement is six months, not one year; and (3) the court failed to calculate custody credits as required.  We agree with the parties and therefore modify the offense to petty theft, modify the maximum term of confinement to six months, and remand for calculation of custody credits.

Trevor G. also contends that three of his probation conditions are unconstitutionally vague and overbroad.  We describe these conditions in more detail below, but they generally forbid him from contacting the victims, possessing weapons,

1

and using or possessing drugs. We reject his contention that these conditions must be modified to expressly forbid him from knowingly violating them, but we modify the latter two conditions in other minor respects to narrow their scope.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, Trevor G., who was then 14 years old, stole a cell phone from A.G., a female rider on a MUNI bus. Trevor G. ran from the bus, and A.G. followed but was unable to catch him. She eventually replaced her stolen cell phone with a new one at a cost of $750. A San Francisco police officer later recognized Trevor G. from a video recording of the theft and a crime bulletin that were circulated in the police department. After Trevor G. was arrested, he identified himself in a photograph in the bulletin.

The San Francisco District Attorney's Office filed a petition under Welfare and Institutions Code section 602, subdivision (a) seeking to have Trevor G. declared a ward of the court. The petition alleged one misdemeanor count of grand theft.[1] Trevor G. was also the subject of two other wardship petitions based on his suspected involvement in stealing cell phones, one alleging a felony count of attempted second degree robbery of A.A. and one alleging a felony count of second degree robbery of S.M.[2] Ultimately, the attempted-robbery petition involving A.A. was dismissed based on witness unavailability and the grand-theft and robbery petitions were consolidated.

After a contested jurisdictional hearing, the juvenile court found the grand-theft allegation involving A.G. true and the robbery allegation involving S.M. not true. In the dispositional order, the court declared Trevor G. a ward of the court and committed him to the probation department for out-of-home placement. The court found his maximum term of confinement was one year, but it did not calculate his custody credits.

---

[1] The grand-theft allegation was made under Penal Code section 487, subdivision (c). All further statutory references are to the Penal Code unless otherwise noted.

[2] These allegations were made under sections 211 (second degree robbery) and 664 (attempt).

2

The juvenile court also imposed several probation conditions, including the three at issue. The first challenged condition was orally imposed by the court as follows: "[Y]ou are ordered to stay away from, have no contact with [A.A., A.G., and S.M.]. That means you are to have no contact or communication whatsoever. Can't go to their homes. They can't come to yours. You are not to communicate in person, telephone, voicemail, e-mail, social media. That includes but [is] not limited to Facebook, Instagram, Twitter, not to communicate via personal letter, sending message[s] through someone else. [¶] If you accidentally run into any of these three people in a public place, you go in the other direction because if you don't you will be in violation of a court order and may be returned to custody."[3]

The second challenged condition forbids Trevor G. from possessing weapons. The orally imposed version of this condition directs him "not to possess weapons of any kind, not to possess any dangerous or deadly weapons which means you're not to possess firearms, ammunition, bullets, or other dangerous and/or deadly weapons. You are not to possess anything that looks like a weapon, not to possess anything that can be used as a weapon, not to possess anything that can be considered by someone else to be a weapon. You are not to possess anything you intend to use as a weapon, that includes real, fake, toys, replica, look[]alike weapons. Court states dangerous or deadly weapons[,] other examples are knives, clubs, brass knuckles, metal knuckles. Not to possess anything of that nature."

Finally, the third challenged condition forbids Trevor G. from using, possessing, or selling drugs. The orally imposed version of this condition requires him "not to use, posses[s] or sell narcotics, controlled substances, alcohol, marijuana, or other intoxicants.

---

[3] The oral pronouncement and the written no-contact condition are slightly different. Given that Trevor G. did not sign the written order and the juvenile court did not refer to it in imposing probation conditions, we conclude that the oral pronouncement of this condition controls. We also conclude that the oral pronouncements of the other two challenged conditions control. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)

3

That means no drugs without a lawful prescription from a doctor." Trevor G. did not object to any of the conditions imposed.

## II.
### DISCUSSION

A.     *Insufficient Evidence Supports the Finding that Trevor G. Committed Grand Theft.*

Trevor G. argues that the finding that he committed grand theft must be reversed because no evidence was presented that the value of A.G.'s cell phone exceeded $950. The Attorney General concedes that the finding lacked substantial evidence. We accept this concession and conclude that the offense must be reduced to petty theft.

We review a juvenile court's jurisdictional finding for substantial evidence. (*In re Gary H.* (2016) 244 Cal.App.4th 1463, 1477.) In doing so, " ' " 'we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value— from which a reasonable trier of fact' . . . could have found the essential elements of the crime beyond a reasonable doubt." ' " (*Ibid.*)

Section 487, subdivision (c), the provision under which Trevor G. was charged, provides that "[g]rand theft is theft committed . . .[¶] . . . [¶] . . . [w]hen the property is taken from the person of another." Subdivision (c), unlike other subdivisions of section 487, does not specify a minimum value of the property taken. Section 490.2, however, which was added by Proposition 47 in November 2014, provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the . . . personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," except in circumstances that are not present here. (§ 490.2, subd. (a); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Thus, under section 490.2's plain terms, no offense under any subsection of section 487 constitutes grand theft unless the property's value exceeds $950. Here, A.G.'s testimony that it cost $750 to replace her

4

cell phone was the only evidence of the phone's value, and the finding that Trevor G. committed grand theft therefore lacked substantial evidence.

We agree with the parties' contention that the appropriate remedy is to modify the juvenile court's order to reflect a finding that Trevor G. committed petty theft. Where the evidence is "insufficient to establish that the minor committed the charged offense" but "adequate to prove a lesser . . . included offense," a reviewing court may modify the jurisdictional finding to reflect that the minor committed the lesser offense. (*In re Arthur N.* (1976) 16 Cal.3d 226, 233-234, superseded by statute on other grounds as stated in *John L. v. Superior Court* (2004) 33 Cal.4th 158, 185-186.) Petty theft is a lesser included offense of grand theft. (§§ 487, 490.2, subd. (a); see *People v. Shoaff* (1993) 16 Cal.App.4th 1112, 1116.) As a result, we modify the order to reflect that Trevor G. committed petty theft.

B.      *The Maximum Term of Confinement for Petty Theft Is Six Months.*

Trevor G. next contends that the juvenile court erred by specifying that the maximum term of confinement was one year instead of six months. We accept the Attorney General's concession that, given the reduction of the offense to petty theft, the maximum term of confinement must be reduced to six months.

"If a minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship" under Welfare and Institutions Code section 602, as was the case here, "the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the [same] offense." (Welf. & Inst. Code, § 726, subd. (d)(1).) The punishment for petty theft is a "fine not exceeding one thousand dollars ($1,000), . . . imprisonment in the county jail not exceeding six months, or both." (§ 490.) Therefore, the maximum term of confinement must be modified to six months.

C.      *The Juvenile Court Must Calculate Trevor G.'s Custody Credits.*

Trevor G. also claims that "[t]he juvenile court erred by failing to calculate [his] custody credits at the dispositional hearing." The Attorney General concedes that the matter must be remanded for calculation of his custody credits, and we agree.

5

"[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067), as well as for the time spent in custody between that hearing and transfer to an out-of-home placement. (*In re J.M.* (2009) 170 Cal.App.4th 1253, 1256.) It is the juvenile court's nondelegable duty to perform this calculation. (*Emilio C.*, at p. 1067.) Here, the parties agree that the juvenile court did not calculate custody credits even though Trevor G. spent over 90 days in confinement before the dispositional hearing and an unknown number of days in confinement between that hearing and his transfer to his placement. We therefore remand the matter for the court to perform the required calculation.

> D.    *The Challenged Conditions Are Constitutional Without an Express Scienter Requirement, but the Weapon- and Drug-related Conditions Are Modified to Be Narrower.*

Trevor G. contends that the no-contact, weapon-related, and drug-related conditions are unconstitutionally vague and overbroad partly because they lack the express requirement that he "knowingly" engage in the prohibited conduct. We reject this contention, but we conclude that the latter two conditions require minor modifications for other reasons.

> 1.    General legal standards.

We begin by discussing the legal standards governing claims that minors' probation conditions are unconstitutionally vague or overbroad. A juvenile court "may impose and require any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) "The court has 'broad discretion to fashion conditions of probation' [citation], although 'every juvenile probation condition must be made to fit the circumstances and the minor.' " (*In re P.O.* (2016) 246 Cal.App.4th 288, 293-294.) " ' " ' "[A] condition . . . that would be unconstitutional or otherwise improper for an adult probationer may be permissible" ' " ' " for a minor because minors " 'are deemed to be more in need of

6

guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' " (*Id.* at p. 297.)

Overbreadth and vagueness are related but distinct concepts. "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning,' " which encompasses the " 'concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) An overbreadth challenge, on the other hand, arises from the requirement that "[w]hen a probation condition imposes limitations on a person's constitutional rights, it ' "must closely tailor those limitations to the purpose of the condition" ' . . . . [Citation.] 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the [probationer]'s constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*In re P.O.*, *supra*, 246 Cal.App.4th at p. 297.) We review de novo claims that a probation condition is vague or overbroad. (*Sheena K.*, at p. 888.)

2. Trevor G. did not forfeit his claims by failing to object below.

The Attorney General argues that Trevor G. forfeited his challenges by failing to object below. *Sheena K.* held that a claim that a probation condition is facially vague or overbroad, errors that are "capable of correction without reference to the particular sentencing record developed in the [lower] court," is not forfeited by the failure to object below. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889.) *Sheena K.* cautioned, however, that its "conclusion does not apply in every case in which a probation condition is challenged on a constitutional ground" because some such challenges may depend on the case's particular factual circumstances. (*Id.* at p. 889.)

The Attorney General argues that Trevor G. has not raised "a facial challenge . . . like the one in *Sheena K.*[, *supra*, 40 Cal.4th 875]" that can be corrected without

7

reference to the sentencing record because the juvenile court orally clarified the written conditions. We agree with Trevor G. that if such clarifying comments were sufficient to bring a claim outside of *Sheena K.*'s holding, "essentially all claims" that a probation condition is unconstitutional would be subject to forfeiture. Instead, we read *Sheena K.* to distinguish between claims that a condition is unconstitutional as written, which present a pure question of law, and claims that a condition is unconstitutional as applied to the probationer, which require development of additional facts. Trevor G.'s claims fall into the former category, and he therefore did not forfeit them by failing to object below.

      3.     The no-contact condition is not vague or overbroad.

Trevor G. claims that the no-contact condition "is vague and overbroad because it lacks an explicit knowledge requirement," and he contends that it must be modified to provide that he not "knowingly" contact the three victims.[4] He also claims that the condition improperly holds him responsible for the conduct of others. We disagree on both counts.

Trevor G. argues that the no-contact condition is vague and overbroad because the victims "may not be readily identifiable to [him] due to the brief nature of their contact and the possibility of changes in appearance," and it is unclear whether the condition prohibits unintentional contact. An express requirement that he "knowingly" have contact with the victims is unnecessary, however, because "[a] court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation' "—that is, an intentional violation that was not due to circumstances beyond the probationer's control. (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.) As the Sixth District Court of Appeal has explained, "[n]o reasonable law enforcement officer or judge can expect probationers to know where their victims are at all times," and a no-contact condition "does not require [a] defendant to stay away from all locations where the victim might

---

[4] The issue whether no-contact probation conditions require an express scienter requirement is currently pending before our state Supreme Court. (*In re A.S.* (2014) 227 Cal.App.4th 400, review granted Sept. 24, 2014, S220280.)

conceivably be" but only to leave "when [he or she] knows or learns of a victim's presence." (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594.)

While *Rodriguez* ordered the no-contact condition at issue in that case modified, it did so because there were two victims in the case and the condition failed to identify the name of the one victim to whom it applied. (*People v. Rodriguez, supra*, 222 Cal.App.4th at pp. 594-595.) *Rodriguez* does not support Trevor G.'s position because here the victims *are* identified by name. Similarly unpersuasive is Trevor G.'s citation to *People v. Petty* (2013) 213 Cal.App.4th 1410, which determined, without analysis, that "knowingly" should be inserted into a stay-away order.[5] (*Id.* at pp. 1424-1425.)

Finally, Trevor G. claims that the portion of the no-contact condition stating that the victims " 'can't come to' " his home must be stricken "to the extent the condition is intended to hold [him] responsible for the victims' conduct." We disagree that the condition purports to do so. Even if one of the victims were to come to his home, the requirement that any probation violation be willful would prevent him from being found in violation of probation unless he allowed the contact to continue. As a result, the challenged condition requires no modification.

> 4. The weapon-related condition does not require modification except to the extent it covers items that other people could consider weapons.

Trevor G. claims that the weapon-related condition is vague and overbroad because it lacks an explicit scienter requirement, "fails to adequately identify the objects that may be encompassed," and includes "innocuous objects used in everyday life for

---

[5] Trevor G. also states that the no-contact order is vague because "probation officers could have differing views of what it means to have 'no contact' with or 'stay away' from the [listed] individuals." He suggests that an express scienter requirement would address this concern, but he does not develop the argument further. We therefore do not consider whether the phrases he identifies are vague for any reason other than the absence of such a requirement.

innocent purposes." We disagree, except we modify the condition to remove the reference to items that other people could consider to be weapons.

Initially, contrary to Trevor G.'s interpretation, we interpret the weapon-related condition to cover only dangerous or deadly weapons and their replicas. When interpreting a probation condition, we rely on "context and common sense" (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 677) and give the condition " 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) Although the juvenile court did not use the modifying phrase "dangerous or deadly" every time it referred to weapons, it is clear from the court's multiple uses of that phrase, as well as the examples the court provided, that the condition encompasses only dangerous or deadly weapons and their replicas. (See also *In re Kevin F.* (2016) 239 Cal.App.4th 351, 360 ["the qualifier 'dangerous or deadly' inheres in the commonly understood meaning of the term 'weapon' "].)

"Dangerous or deadly weapon," in turn, has an established meaning: it includes both "inherently deadly items such as dirks and blackjacks which are specifically designed as weapons and are thus 'deadly weapons' as a matter of law" and "other items that are not deadly per se" but that can be used to inflict deadly harm and that a person intends to use "to inflict, or threaten to inflict," deadly harm. (*In re R.P.* (2009) 176 Cal.App.4th 562, 565, 567-568, italics omitted.) This construction of the weapon-related condition addresses a primary concern that Trevor G. raises: that he could be "arrest[ed] . . . for possessing an object that could conceivably be used as a weapon," such as "[a] pencil, baseball bat, dinner knife, letter opener, hammer, house key, or a bottle of soda," even if he does not intend to use it as a deadly weapon. We find it unnecessary to modify the condition to make an intent requirement explicit, because it is part of the definition of "dangerous or deadly weapon." (See *Sheena K.*, *supra*, 40 Cal.4th at p. 890 [probation condition not vague so long as it establishes with " ' "*reasonable* specificity" ' " what is prohibited], italics in original.) As a result, we decline to follow *In re Kevin F.*, *supra*, 239 Cal.App.4th at page 366 to the extent it added an express intent requirement to the challenged condition.

We also reject Trevor G.'s position that the weapon-related condition must be modified to include an explicit scienter requirement so that he would be barred from "knowingly" possessing any dangerous or deadly weapons or their replicas.[6]  As we have said, a probation violation cannot be premised on the probationer's unwitting noncompliance with his or her probation conditions.  (*People v. Cervantes*, *supra*, 175 Cal.App.4th at p. 295.)  Again, we find it unnecessary to modify the condition to make this requirement explicit.  (See *People v. Contreras* (2015) 237 Cal.App.4th 868, 887; *People v. Rodriguez*, *supra*, 222 Cal.App.4th at p. 591; *People v. Moore* (2012) 211 Cal.App.4th 1179, 1185.)  Thus, we do not follow *In re Kevin F.*, *supra*, 239 Cal.App.4th at pages 361-362 on this point either.

We do agree, however, that the weapon-related condition is vague to the extent it prohibits possession of "anything that can be considered by someone else to be a [dangerous or deadly] weapon."  Numerous courts have sustained vagueness challenges to probation conditions prohibiting the use or possession of certain items when the conditions fail to specify that the probationer know that an item falls within the prohibited category.  (See, e.g., *People v. Moses* (2011) 199 Cal.App.4th 374, 377 [sexually explicit materials]; *People v. Leon* (2010) 181 Cal.App.4th 943, 949-951 [gang paraphernalia]; *People v. Freitas* (2009) 179 Cal.App.4th 747, 751 [stolen property].)  Here, Trevor G. cannot fairly be expected to avoid all the items that any other person might consider to be dangerous or deadly weapons, and we conclude that the simplest course is to strike the offending phrase.

> 5. The drug-related condition does not require modification except to the extent it covers over-the-counter medications.

Finally, Trevor G. contends that the drug-related condition is vague and overbroad because it insufficiently limits the substances included and lacks an explicit

---

[6] A similar issue is currently pending before our state Supreme Court.  (*People v. Hall* (2015) 236 Cal.App.4th 1124, review granted Sept. 9, 2015, S227193.)

scienter requirement.[7] We again conclude that the term "knowingly" is not constitutionally required, but we agree that the condition must be modified to specify that it does not prohibit the use, possession, or sale of over-the-counter medications.

Trevor G. contends that the drug-related condition is overbroad because it includes over-the-counter medications and therefore infringes on his right to privacy, among other rights. The Attorney General responds that "[r]ead in context," the juvenile court's statement that the condition applies to " 'drugs without a lawful prescription' would reasonably be understood to prohibit the possession or use of prescription drugs or other controlled substances without a valid prescription." We agree with Trevor G. that, as currently worded, the condition covers over-the-counter medications. It prohibits the possession, use, or sale of "drugs without a lawful prescription from a doctor," and over-the-counter medications are drugs that are not prescribed. Because the Attorney General tacitly agrees that the condition is not meant to include such substances, we modify the condition to reflect the parties' understanding.

We will not, however, modify the challenged condition to require that Trevor G. not "knowingly" use, possess, or sell the covered substances, as he claims is required to render the condition constitutional. Contrary to his position, the possibility that he "might unknowingly eat a liqueur-filled chocolate or a baked good that has been laced with marijuana or ingest a beverage that has been spiked with alcohol" would not expose him to punishment because he cannot be found in violation of probation for unwitting use, possession, or sale of the covered substances. (See *People v. Cervantes*, *supra*, 175 Cal.App.4th at p. 295.) And based on the same authorities already cited, we conclude that it is unnecessary to include an express scienter requirement to emphasize this.

---

[7] Because we have concluded that the orally pronounced version of the drug-related condition controls, we need not consider Trevor G.'s argument that the condition is also vague based on the written version's redundant directive that Trevor G. "[n]ot possess or have in [his] possession" the covered substances.

## III.
### DISPOSITION

The dispositional order is modified to reflect a finding that Trevor N. committed petty theft under section 490.2, not grand theft under section 487, subdivision (c). The order is also modified to reflect that the maximum term of confinement for petty theft is six months.

The weapon-related condition in the dispositional order is modified to read: "The minor shall . . . [¶] [n]ot possess any dangerous or deadly weapons, including firearms, ammunition, bullets, knives, clubs, brass knuckles, or metal knuckles, or any replicas of such weapons."

The drug-related condition in the dispositional order is modified to read: "The minor shall . . . [¶] [n]ot use, possess or sell any illegal drugs or intoxicants, including marijuana, prescribed substances without a lawful prescription from a doctor, or alcohol."

The matter is remanded to the juvenile court for a calculation of custody credits. As modified, the dispositional order is otherwise affirmed.

_____
Humes, P.J.

We concur:


_____
Margulies, J.


_____
Dondero, J.