Filed 9/10/25  P. v. Graves CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>AZIZA GRAVES,<br><br>      Defendant and Appellant. | A171029<br><br>(San Francisco City & County Super. Ct. Nos. CRI-21011472, CRI-21012102, SCN234830) |

### MEMORANDUM OPINION[1]

On at least 51 occasions between October 3, 2020 and November 16, 2021, Aziza Graves entered a Target store in San Francisco, selected merchandise, scanned the items at a self-checkout station, inserted a coin or other small payment into the register, and then left the store with the merchandise but without making full payment for the items.  Target's surveillance video system recorded these incidents, and the store generated transaction reports showing the scanned items, their total value, and whether payment was tendered.  Further surveillance revealed that Graves was exchanging the Target merchandise for

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1, and the First Appellate District Local Rules, rule 19.

cash. On December 4, 2021, Graves also took merchandise from an Abercrombie & Fitch store without paying.

A jury convicted Graves of one count of felony grand theft (Pen. Code, § 487, subd. (a); count one)[2] and 52 counts of misdemeanor petty theft (§ 490.2, subd. (a); counts two-14 and 16-54).[3] On count one, the trial court sentenced Graves to a hybrid two-year term—split between county jail confinement and mandatory supervision—under section 1170, subdivision (h)(5)(B). The court also imposed a six-month county jail term for the Abercrombie & Fitch theft (count 54) and stayed the sentences on the remaining counts (two-14, 16-53), pursuant to section 654. Graves was ordered to pay Target $22,072.92 in restitution.

Graves appeals from the judgment, arguing that her convictions on 51 counts of petty theft from Target must be reversed because they are necessarily included in her grand theft conviction. The People concede the point and we agree.

"In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct." (*People v. Reed* (2006) 38 Cal.4th 1224, 1226.) However, there is an exception to this general rule that prohibits multiple convictions based on necessarily included offenses (*Id.* at p. 1227.) Thus, "[w]hen a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*People v. Sanders* (2012) 55 Cal.4th 731, 736.)

---

[2] Undesignated statutory references are to the Penal Code.

[3] The jury acquitted Graves of count 15, which involved a purported instance of petty theft at Target on July 22, 2021.

A lesser offense is a necessarily included offense if the greater offense cannot be committed without necessarily committing the lesser. (*People v. Reed, supra,* 38 Cal.4th at p. 1227.) Courts should consider only the statutory elements. (*Id.* at p. 1229.) "Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*Id.* at p. 1227.)

Here, there is no dispute that, under the elements test, petty theft is a lesser and necessarily included offense of grand theft. (*People v. Shoaff* (1993) 16 Cal.App.4th 1112, 1116.) The People also concede that Graves's grand theft conviction (count one) is itself based on aggregating the petty thefts from Target (charged in counts two through 14 and 16 through 53)—each of which separately involved property valued below the $950 threshold for grand theft. (Compare § 487, subd. (a), with § 490.2, subd. (a).) Our Supreme Court has approved such aggregation where the evidence shows that a series of petty thefts—although not individually exceeding the requisite amount for grand theft—were all part of a single plan, impulse, and intent. (See *People v. Bailey* (1961) 55 Cal.2d 514, 518-519; *People v. Whitmer* (2014) 59 Cal.4th 733, 741; *Whitmer*, at pp. 747-748 (conc. opn. of Liu, J.).)

The trial court tasked the jury, via its CALCRIM No. 1802 instruction, with resolving that question of fact, and the jury's implicit finding—that all of Graves's petty thefts from Target were part of a single plan, impulse, and intent—is supported by substantial evidence. The People concede that the Target petty theft convictions (counts 2 through 14 and 16 through 53) arose from the same conduct underlying count one. Accordingly, those petty theft convictions—excluding count 54 involving theft from Abercrombie & Fitch—must be reversed. (See *People v. Sanders,*

3

*supra*, 55 Cal.4th at p. 736; *People v. Reid* (2016) 246 Cal.App.4th 822, 833-834.)

## DISPOSITION

The judgment as to counts two through 14 and counts 16 through 53 is reversed.  The trial court is directed to issue an amended minute order reflecting the judgment as indicated, and to forward certified copies to the appropriate authorities.  In all other respects, the judgment is affirmed.


BURNS, J.

WE CONCUR:


JACKSON, P. J.
CHOU, J.

*People v. Graves (A171029)*

4