Filed 9/23/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038119 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC892980) |
| v. | |
| SCOTT FRANK FIALHO, | |
| Defendant and Appellant. | |

## I.     INTRODUCTION

Defendant Scott Frank Fialho appeals after a jury convicted him of voluntary manslaughter (Pen. Code, § 192, subd. (a)),[1] attempted voluntary manslaughter (§§ 664, subd. (a), 192, subd. (a)), and carrying a concealed dirk or dagger (former § 12020, subd. (a)(4)[2]).  The jury found true allegations that, in the commission of the voluntary manslaughter and attempted voluntary manslaughter, defendant personally and intentionally discharged a firearm and proximately caused death and great bodily injury. (§ 12022.53, subd. (d).)  However, because section 12022.53 does not apply to voluntary manslaughter or attempted voluntary manslaughter, the trial court imposed enhancements

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The crime of carrying a concealed dirk or dagger is now proscribed by section 21310.  (See Stats. 2004, ch. 247, §  7; Stats. 2010, ch. 711, § 6.)

for personal use of a firearm (§ 12022.5, subd. (a)) instead of the section 12022.53, subdivision (d) enhancements. Defendant was sentenced to a 26-year prison term.

On appeal, defendant contends we should vacate the jury's findings on the section 12022.53, subdivision (d) allegations and strike the personal firearm use enhancements imposed pursuant to section 12022.5, subdivision (a) because there were no section 12022.5, subdivision (a) allegations in the information and those allegations were not found true by the jury. We will affirm the judgment.

## II. BACKGROUND

### A. *The Shooting*[3]

On December 5, 2007, San Jose Police officers were dispatched to an apartment complex in San Jose, where they found 19-year-old Huber Virelas lying on the ground with a gunshot wound to his left eye. The police also found 25-year-old Roberto Jaime on the ground with gunshot wounds in his arm, chest, abdomen, and back. The two victims were transported to the hospital, and Virelas subsequently died.

Prior to the shooting, a witness heard defendant ask Virelas " 'Do you bang?' " and saw defendant pull out a handgun and shoot Virelas in the head. The witness also saw defendant shoot Jaime.

According to another witness, defendant—a Norteño gang member—believed the two victims—both Sureño gang members—had been " 'mugging' " him prior to the shooting.

At defendant's residence, police found bloody items, "items indicative of gang activity," and a bullet.

---

[3] As defendant raises only procedural issues on appeal, our summary of the facts underlying the charged offenses is taken primarily from the probation report.

2

Defendant was arrested on January 16, 2008. Defendant attempted to flee when officers arrived at his location in an attempt to contact him. Defendant had a large knife on his person at the time of his arrest.

At trial, defendant testified that he reached for his gun only after seeing one of the victims pull something out of his jacket pocket; he was "scared for [his] life" and felt he "had to protect [him]self."

### B.     Charges

Defendant was charged with murder (§ 187, subd. (a); count 1), attempted murder (§§ 664, subd. (a), 187, subd. (a); count 2), exhibiting a firearm (§ 417, subd. (a)(2); count 3), carrying a concealed dirk or dagger (former § 12020, subd. (a)(4); count 4), and resisting an officer (§ 148, subd. (a)(1); count 5).

As to the murder charged in count 1, the first amended information alleged that defendant was an active participant in a criminal street gang and that the murder was carried out to further the gang's activities (§ 190.2, subd. (a)(22)), that defendant personally and intentionally discharged a firearm and proximately caused death (§ 12022.53, subd. (d)), and that defendant committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

As to the attempted murder charged in count 2, the first amended information alleged that defendant personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)) and that defendant committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

The first amended information also alleged that defendant committed counts 3, 4, and 5 for the benefit of a criminal street gang. (§ 186.22, subds. (b)(1)(A) & (d).)

### C.     Verdicts

In count 1, the jury found defendant not guilty of first degree murder and not guilty of second degree murder, but it found him guilty of voluntary manslaughter. (§ 192, subd. (a).) The jury found true the allegation that defendant personally and

3

intentionally discharged a firearm and proximately caused death (§ 12022.53, subd. (d)), but it found not true the allegation that defendant committed the offense for the benefit of a criminal street gang.

In count 2, the jury found defendant not guilty of attempted murder, but it found him guilty of attempted voluntary manslaughter. (§§ 664, subd. (a), 192, subd. (a).) The jury found true the allegation that defendant personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)), but it found not true the allegation that defendant committed the offense for the benefit of a criminal street gang.

In count 3, the jury found defendant not guilty of exhibiting a firearm.

In count 4, the jury found defendant guilty of carrying a concealed dirk or dagger (former § 12020, subd. (a)(4)), but it found not true the allegation that defendant committed the offense for the benefit of a criminal street gang.

In count 5, the jury found defendant guilty of resisting an officer (§ 148, subd. (a)(1)), but it found not true the allegation that defendant committed the offense for the benefit of a criminal street gang.

### D. *Sentencing*

The probation report noted that the jury had found true the allegations under section 12022.53, subdivision (d), but that "as the defendant was found guilty of the lesser offenses of Sections 192(a) and 664/192(a) of the Penal Code, this allegation can not be found true as these lesser offenses are not crimes listed in Section 12022.53(a) of the Penal Code . . . ." The probation officer stated that according to the prosecutor, "these allegations revert to Section 12022.5(a) of the Penal Code."

On November 18, 2011, the trial court sentenced defendant to the upper term of 11 years for count 1 (voluntary manslaughter) with a consecutive upper term of 10 years for personal firearm use pursuant to section 12022.5, subdivision (a). For count 2 (attempted voluntary manslaughter), the trial court imposed a consecutive term of one year (one-

4

third of the midterm) and a consecutive term of three years four months (one-third of the upper term) for personal firearm use pursuant to section 12022.5, subdivision (a). For count 4 (carrying a concealed dirk or dagger), the trial court imposed a consecutive term of eight months (one-third of the midterm). The aggregate prison term was 26 years.

On December 2, 2011, the trial court recalled defendant's sentence (see § 1170, subd. (d)) in order to "do a better job of stating the reasons for each one of its sentencing decisions."

On March 23, 2012, the trial court reimposed the 26-year sentence.

## III.   DISCUSSION

Defendant contends we should vacate the jury's findings on the section 12022.53, subdivision (d) allegations, because section 12022.53 does not apply to voluntary manslaughter or attempted voluntary manslaughter. He further contends we should strike the enhancements for personal use of a firearm (§ 12022.5, subd. (a)) because there were no section 12022.5, subdivision (a) allegations in the information and those allegations were not found true by the jury.

Defendant is correct that section 12022.53 applies to an enumerated list of felony offenses, which does not include voluntary manslaughter or attempted voluntary manslaughter.[4] Thus, the jury here was improperly instructed to determine the truth of

---

[4] Section 12022.53, subdivision (a) specifies: "This section applies to the following felonies: [¶] (1) Section 187 (murder). [¶] (2) Section 203 or 205 (mayhem). [¶] (3) Section 207, 209, or 209.5 (kidnapping). [¶] (4) Section 211 (robbery). [¶] (5) Section 215 (carjacking). [¶] (6) Section 220 (assault with intent to commit a specified felony). [¶] (7) Subdivision (d) of Section 245 (assault with a firearm on a peace officer or firefighter). [¶] (8) Section 261 or 262 (rape). [¶] (9) Section 264.1 (rape or sexual penetration in concert). [¶] (10) Section 286 (sodomy). [¶] (11) Section 288 or 288.5 (lewd act on a child). [¶] (12) Section 288a (oral copulation). [¶] (13) Section 289 (sexual penetration). [¶] (14) Section 4500 (assault by a life prisoner). [¶] (15) Section 4501 (assault by a prisoner). [¶] (16) Section 4503 (holding a hostage by a prisoner). [¶] (17) Any felony punishable by death or imprisonment in the state prison for life. [¶] (18) Any attempt to commit a crime listed in this subdivision other than an assault."

the section 12022.53 allegations if, in counts 1 and 2, it found defendant guilty of voluntary manslaughter and attempted voluntary manslaughter.[5]

Defendant concedes the evidence established that he "use[d]" a firearm within the meaning of section 12022.5, subdivision (a).[6] He further concedes that "sufficient evidence would have supported enhancement allegations under section 12022.5, subdivision (a), as to counts 1 and 2, if such allegations had been made."

Defendant also concedes there is precedent in case law for imposition of uncharged but " 'lesser included enhancements' " (see *People v. Majors* (1998) 18 Cal.4th 385, 410 (*Majors*)) when the original enhancement allegation is either factually unsupported or—as here—does not apply to the offense of conviction under the applicable statutory provisions. In fact, the California Supreme Court has expressly permitted substitution of a charged enhancement with an uncharged enhancement that "would be applicable in any case" in which the charged enhancement applies. (*People v. Strickland* (1974) 11 Cal.3d 946, 961 (*Strickland*).) In *Strickland,* the defendant was charged with murder, but he was convicted of voluntary manslaughter, a lesser included offense. The jury found true a firearm use allegation under section 12022.5, which at that time applied to murder but not manslaughter, so the trial court had improperly imposed that enhancement. (*Id*. at p. 959.) The California Supreme Court instead imposed an

---

[5] Pursuant to CALCRIM No. 3149, the jury was instructed: " 'If you find the defendant guilty of the crimes charged in Counts 1 or 2 or the lesser crimes of second degree murder, voluntary manslaughter, or attempted voluntary manslaughter, you must then decide whether, for each crime, the People have proved the additional allegation that the defendant personally and intentionally discharged a firearm during that crime causing great bodily injury or death. . . .' "

[6] Section 12022.5, subdivision (a) provides: "Except as provided in subdivision (b), any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense."

6

arming enhancement under section 12022, explaining, " 'In the present case appellant did not come within the provisions of section 12022.5, as the crime of which he was convicted was not specified in that section, but the jury did find that he used and thus was armed with a firearm, a shotgun, at the time the offense was committed.  Appellant was charged in the commission with the use of a firearm under section 12022.5, [and] thus had notice that his conduct [could] also be in violation of section 12022.' " (*Id.* at p. 961, first bracketed insertion added.)

The Courts of Appeal have similarly approved the substitution of a charged enhancement with an uncharged " 'lesser included enhancement' " (*Majors, supra,* 18 Cal.4th at p. 410) when there is insufficient evidence to support the greater enhancement.  In *People v. Allen* (1985) 165 Cal.App.3d 616 at page 627 (*Allen*), the appellate court found insufficient evidence to support a firearm use enhancement under section 12022.5, subdivision (a) and reduced the finding to an arming enhancement under section 12022, subdivision (a).  Likewise, in *People v. Lucas* (1997) 55 Cal.App.4th 721 at page 743 (*Lucas*), the appellate court held that the trial court had properly imposed an arming enhancement under section 12022, subdivision (a)(1) after the prosecutor conceded there was insufficient evidence to support the jury's finding of personal firearm use under section 12022.5, subdivision (a).  And most recently, in *People v. Dixon* (2007) 153 Cal.App.4th 985 at pages 1001 through 1002 (*Dixon*), the appellate court upheld the trial court's substitution of a deadly weapon use enhancement under section 12022, subdivision (b) for a section 12022.53 enhancement where the trial court found that the weapon, a BB gun, was not a firearm.

Defendant contends that *Strickland, Allen,* and *Lucas* do not control here because those cases were decided prior to the enactment of section 1170.1, subdivision (e), which provides:  "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."  Defendant acknowledges that at the time of the *Lucas* case, former section 1170.1,

subdivision (f) contained similar language—it specified that enhancements "shall be pleaded and proven as provided by law" (see Stats. 1994, ch. 1188, § 12)—but he notes that the *Lucas, Allen,* and *Dixon* courts did not consider whether imposition of an uncharged enhancement was permitted under either version of section 1170.1. Defendant further contends that *Lucas, Allen,* and *Dixon* are distinguishable because the charged enhancements in those cases were not unauthorized but rather factually unsupported.

We do not agree with defendant that *Strickland* was, in effect, legislatively overruled by the enactment of the current version of section 1170.1, subdivision (e), which became effective in 1998. (See Stats. 1997, ch. 750, § 3.) By mandating that all enhancements "be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact," section 1170.1, subdivision (e) does not preclude the imposition of " 'lesser included enhancements' " (see *Majors, supra,* 18 Cal.4th at p. 410) when the charged enhancement is either factually unsupported or inapplicable to the offense of conviction. As explained in *Strickland,* when an enhancement is alleged in the information, the defendant is put on notice "that his [or her] conduct [could] also be in violation of" an uncharged enhancement that "would be applicable in any case" in which the charged enhancement applies, and imposition of the uncharged enhancement is permitted. (*Strickland, supra,* 11 Cal.3d at p. 961, first bracketed insertion added.) As an intermediate court, we are required to follow decisions of the California Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

We also conclude that section 1170.1, subdivision (e) does not require the prosecution to include specific statutory references for enhancement allegations. It is well-settled that only the factual allegations underlying an offense or enhancement must be pleaded, unless the relevant statute provides otherwise. (See *People v. Tardy* (2003) 112 Cal.App.4th 783, 787 [section 666 need not be specifically pleaded in order for defendant to receive enhanced punishment]; *People v. Mancebo* (2002) 27 Cal.4th 735,

8

745 [multiple victim circumstance of section 667.61, subdivision (e)(5) must be pleaded by "factual allegation" or by "pleading in the statutory language"].) Here the information pleaded all the facts necessary for the section 12022.5 enhancements in the section 12022.53 allegations.[7]

The California Supreme Court construed a similar statutory provision as requiring only that the prosecution plead and prove "each fact required" for a specific enhancement. (*People v. Jackson* (1985) 37 Cal.3d 826, 835, fn. 12 (*Jackson*).) In *Jackson,* the court considered former section 1170.1, subdivision (f), which stated that certain enumerated enhancements, including section 12022.5, " 'shall be pleaded and proven as provided by law.' " The court held that the pleading and proof requirements of the statute applied to section 667 enhancements as well, and it explained that such an enhancement could not be imposed unless the defendant "receive[s] notice of the facts the prosecution intends to prove" and unless the prosecution presents "proof of each fact required for that enhancement." (*Jackson, supra,* 37 Cal.3d at p. 835, fn. 12.)

Further, nothing in the plain language of section 1170.1, subdivision (e) indicates the Legislature intended the prosecution to plead and prove all potentially applicable lesser included enhancements. This would require the prosecution to anticipate what the evidence will show and what lesser included offense instructions the trial court will give, well in advance of trial, or require the prosecution to move to amend the pleadings during

---

[7] As to count 1, the enhancement allegation read as follows: "It is further alleged that in the commission of a felony specified in subdivision (a), and charged above, the defendant . . . personally and intentionally discharged a firearm, a[] handgun, and proximately caused[] the death of [the first victim], a person other than an accomplice within the meaning of Penal Code sections 12022.53(d) . . . ."

As to count 2, the enhancement allegation read as follows: "It is further alleged that in the commission of a felony specified in subdivision (a), and charged above, the defendant . . . personally and intentionally discharged a firearm, a handgun, and proximately caused[] the great bodily injury, as defined in Penal Code section 12022.7, to [the second victim], a person other than an accomplice within the meaning of Penal Code sections 12022.53(d) . . . ."

trial once it appears any lesser included enhancement might be applicable. The prosecution is not required to plead lesser included offenses (§ 1159),[8] and it would be incongruous to require the prosecution to plead lesser included enhancements that would apply only to lesser included offenses.

Finally, even if section 1170.1, subdivision (e) could be read to say that all enhancements must be alleged in the accusatory pleading *by specific code section*, errors like the one in this case would always necessarily be harmless. Where the jury finds the defendant guilty of voluntary manslaughter as a lesser included offense to murder and finds true a firearm enhancement (§ 12022.53, subd. (d)) that was applicable only to murder, it will be harmless error to impose an uncharged lesser included firearm enhancement (§ 12022.5, subd. (a)) that applies to the lesser included offense of voluntary manslaughter. The same is true when the charged offense is attempted murder but the jury convicts the defendant of attempted voluntary manslaughter. To require that a specific lesser included enhancement code section be pleaded before a lesser included enhancement can be imposed under such circumstances "would improperly elevate form over substance." (*People v. Flynn* (1995) 31 Cal.App.4th 1387, 1392.)

In this case, the trial court did not err by imposing a personal firearm use enhancement under section 12022.5, subdivision (a) after determining that the section 12022.53, subdivision (d) enhancement found true by the jury did not apply to the offenses of which defendant was convicted. Section 12022.5, subdivision (a) is an enhancement that "would be applicable in any case" in which a section 12022.53, subdivision (d) enhancement applies. (*Strickland, supra,* 11 Cal.3d at p. 961.)

## IV. DISPOSITION

The judgment is affirmed.

---

[8] Section 1159 provides: "The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

10

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


I CONCUR:




_____
GROVER, J.

MÁRQUEZ, J.,

I respectfully concur in the judgment only. I agree with my colleagues that defendant's 26-year sentence—which included firearm enhancements adding more than 14 years to defendant's base terms—must be affirmed. But in my view, defendant's argument that the trial court erred when it imposed sentences on Penal Code section 12022.5[1] firearm enhancements that were not alleged in the accusatory pleading has merit.

Defendant's argument is based on section 1170.1, subdivision (e). That statute plainly says, "*All* enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (Italics added.) Here, Count One of the accusatory pleading alleged that defendant "personally and intentionally discharged a firearm, a(n) [*sic*] handgun, and proximately caused, the death of Huber Virelas, a person other than an accomplice *within the meaning of Penal Code sections 12022.53(d) [and 12022.53(c) and 12022.53(b)].*" (Italics added.)[2] And the jury subsequently found that defendant "personally and intentionally discharged a firearm, a handgun, and proximately caused, the death of Huber Virelas, a person other than an accomplice *within the meaning of Penal Code 12022.53(d)*" as to Count One. (Italics added.)

The plain language of section 1170.1(e) requires that all enhancements be "alleged in the accusatory pleading," and that all enhancements be "admitted by the defendant in open court or found to be true by the trier of fact." Neither of these statutory requirements were satisfied with respect to the section 12022.5 enhancements.

The majority holds that the prosecution satisfied the requirements of section 1170.1(e) because section 12022.5 is a "lesser included enhancement" of the other

---

[1] All further statutory references are the Penal Code.

[2] The enhancement alleged in Count Two contained similar language except that it alleged great bodily injury instead of death.

firearm enhancements that were alleged.  For this proposition, the majority relies on *People v. Strickland* (1974) 11 Cal.3d 946 (*Strickland*) and *People v. Majors* (1998) 18 Cal.4th 385 (*Majors*), as well as other lower court decisions relying on those cases.

The Legislature enacted the current version of section 1170.1(e) in 1997.  (Stats. 1997, ch. 750, § 3.)  Because *Strickland* and *Majors* concerned sentences imposed long before the effective date of the current statute, neither case considered the statutory language at issue in this appeal.  (*People v. Scheid* (1997) 16 Cal.4th 1, 17 [" '[A]n opinion is not authority for a proposition not therein considered,' " quoting *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2].)  And while it is true that prior versions of section 1170.1 contained language requiring that certain enumerated enhancements be "pleaded and proved as provided by law," the current language of the statute is substantially more exacting in its requirements.  Thus, cases predating the current version of section 1170.1(e) provide limited guidance, if any, in construing the applicable language of the current statute.

I agree with the majority that the imposition of more than 14 years of enhancements in this case—based upon the "lesser included enhancement" set forth in section 12022.5—did not violate notice requirements of due process or defendant's right to a jury trial.  But I would conclude that the plain language of section 1170.1(e) requires that *all* enhancements be alleged in the accusatory pleading, and that defendant either admit to the alleged enhancements or that the trier of fact finds them to be true.  The plain text of the statute draws no distinction between "lesser included enhancements" and "greater enhancements"; it simply requires the prosecution to allege *all* enhancements. The term "all" necessarily includes both lesser included and greater enhancements.  And unlike convictions for lesser included *offenses* that are authorized by section 1159, I am unaware of any statutory authority that authorizes a judge or jury to make true findings for lesser included *enhancements*.

2

It may be that the Legislature, by imposing specific pleading requirements for enhancements, intended to preclude the same kind of "all-or-nothing" choice that juries face when they are not instructed on a lesser included offense that is supported by the evidence. (See *People v. Banks* (2014) 59 Cal.4th 1113, 1159-1160 ["The rule that juries must be instructed on lesser included offenses ' "prevents either party, whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other. Hence, the rule encourages a verdict, within the charge chosen by the prosecution, that is neither 'harsher [n]or more lenient than the evidence merits.' " ' "].) The majority asserts that requiring lesser included enhancements to be pleaded would " 'elevate form over substance' " because the failure to do so would always be harmless error. (Maj. Opn. at p. 10.) I respectfully disagree. Under different facts, a jury presented with the option of a lesser included enhancement (not necessarily a firearm enhancement) might find that the evidence supports the lesser enhancement, but not the greater. But the same jury, if given only an "all-or-nothing" choice, may feel compelled to find the greater enhancement rather than none at all. In that case, the failure to present the lesser included enhancement could not be considered harmless.

The Legislature may also have found it desirable to apprise defendants explicitly of the various enhancements upon which they could be sentenced, which impose wide-ranging consequences. The firearm enhancements at issue in this appeal illustrate the point. Under the firearm enhancement found true by the jury, defendant faced an additional and consecutive term of 25 years to life for a single violation. (§ 12022.53, subd. (d).) Under the enhancement imposed by the trial court, defendant faced an additional and consecutive term of three, four, or 10 years for a single violation. (§ 12022.5, subd. (a).) Had the court imposed an enhancement for being armed with a firearm during the commission of a felony under section 12022, subdivision (a)(1), defendant could only have been sentenced to an additional and consecutive one-year term

3

for a single violation.  Awareness by all parties of these potential outcomes—which range from a one-year enhancement to an enhancement of 25 years to life—is critical to the informed negotiation of dispositions.

Notwithstanding the failure to allege the section 12022.5 enhancements in the accusatory pleading, I would find the error harmless.  The error constituted a violation of state law only—not a violation of due process or the federal constitutional right to a jury trial.  The proper standard for such error is set forth in *People v. Watson* (1956) 46 Cal.2d 818, which requires a defendant to show a reasonable probability of a more favorable outcome had the error not occurred.  (See *People v. Epps* (2001) 25 Cal.4th 19, 29 [failure to comply with sentencing law is subject to harmless error review under the *Watson* standard].)  The jury found the enhancements set forth in section 12022.53(d) to be true, and defendant concedes that sufficient evidence would have supported a finding of true as to the section 12022.5 enhancements.  It is therefore clear that in the circumstances of this case, if the accusatory pleading had included the section 12022.5 enhancements and the court had instructed the jury accordingly, the jury would have found those enhancements true.  For this reason, I would conclude the error was harmless and, like the majority, I would affirm the judgment.

———————————————————
Márquez, J.

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court Case No. CC892980 |
| | |
| Trial Judge(s): | Honorable Hector E. Ramon |
| | |
| Attorney for Defendant and Appellant<br>SCOTT FRANK FIALHO: | Gordon S. Brown, Esq. |
| | |
| Attorney for Plaintiff and Respondent<br>THE PEOPLE: | Gregg E. Zywicke, Esq.<br>Office of the Attorney General |