BACHNER, J.**
*715 A jury convicted defendant and appellant Brian Alonzo Sawyers of first degree murder, three counts of attempted premeditated murder, and two counts of shooting at an occupied dwelling. The offenses all arose from an incident in which Sawyers and one or more companions fired numerous shots into a house occupied by rival gang members and their family. The trial court sentenced Sawyers to 75 years to life in prison pursuant to the "Three Strikes" law. Sawyers contends sentencing under the Three Strikes law was unauthorized because the information failed to allege *441 his prior offense was a strike. In the published portion of the opinion, we conclude that because the information failed to give Sawyers notice that he faced sentencing under the Three Strikes law, and because the "informal amendment" doctrine does not apply, his sentence must be vacated. In the unpublished portion, we reject Sawyers's contention that the evidence was insufficient to support two of the attempted murder charges. We also agree *716 with the People that the trial court erred by awarding conduct credits. We therefore vacate the sentence, remand for resentencing, and otherwise affirm.
FACTUAL AND PROCEDURAL BACKGROUND
1. Facts
a. Background information
Eighty-four-year-old Thomas Dunbar and his wife, Mary Dunbar, lived with their daughter, Linda McCarter, at a house located on South Northwood Avenue in Compton. McCarter's twin sons, Kionte and Dionte McCarter, lived there as well.[1] Thomas was partially paralyzed, and Mary suffered from dementia. Their bedrooms were in the front of the house and faced the street.
The residence was located in an area claimed as the territory of the Nutty Block Crips criminal street gang. Kionte and Dionte were both Nutty Block Crip gang members, as were other family members and the twins' friend, Brandon Frison. The Dunbar residence was known as a Nutty Block hangout.
Another Crip gang, ATF, was comprised of three Crip gangs that had joined forces: Acacia Block, Spooktown, and Farm Dogs. ATF claimed territory bordering that claimed by Nutty Block, and the two gangs were rivals. In July 2013 the Nutty Block and ATF gangs were engaged in a gang war. Sawyers was an admitted member of the Spooktown gang, and bore gang tattoos, including "NBK" for "Nutty Block killer."[2]
b. The shooting
On the morning of July 25, 2013, at approximately 10:00 a.m., Frison was waiting for the McCarter twins on the front porch of the Dunbar residence, talking on the phone, while the twins changed clothes inside the house. Mary was inside, asleep in one of the front bedrooms, and Linda had just lain across the foot of Mary's bed. Thomas was in the other front bedroom, closest to the front door.
A silver Audi A4 and a charcoal gray Toyota Corolla travelled slowly down Northwood. Two Black men were seated inside each vehicle. As one of the vehicles approached the Dunbar residence, the two men inside fired over 20 *717 gunshots at the house. Frison fled into the Dunbar house as soon as the shooting began. Thomas was shot three times, including a shot to his head that later proved fatal; he had also been hit by bullet fragments. Paramedics transported him to the hospital, where he died of his injuries.
c. The investigation[3]
The police investigation of the crimes revealed that at least three guns were *442 used in the shooting, including a semiautomatic rifle capable of firing shots that could penetrate walls. In an undercover ruse operation, Sawyers made inculpatory statements indicating he fired the rifle. A witness told detectives that a week prior to the shooting, one or both of the McCarter twins had beaten Sawyers. On the morning of the shooting, the witness observed Sawyers, armed with a large gun, set off with other gang members in two cars to kill the McCarter twins.
2. Procedure
Trial was by jury. Sawyers was convicted of the first degree murder of Thomas ( Pen. Code, § 187, subd. (a) );[4] the attempted willful, deliberate, and premeditated murders of Linda, Mary and Frison ( §§ 664, 187, subd. (a) ); and two counts of shooting at an inhabited dwelling (§ 246). As to each offense, the jury found Sawyers, and a principal, personally used and discharged a firearm, causing death (§ 12022.53, subds. (b), (c), (d), (e)(1)), and that the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). Sawyers admitted suffering prior convictions for first degree burglary and receiving stolen property. The trial court sentenced Sawyers to 25 years to life for the murder, doubled pursuant to the Three Strikes law, plus a 25-year-to-life sentence on the section 12022.53, subdivision (d) firearm enhancement, for a total term of 75 years to life. As to each of the remaining counts, the trial court sentenced Sawyers to concurrent terms of 15 years to life, doubled pursuant to the Three Strikes law, plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancements. It stayed the remaining section 12022.53, subdivisions (b), (c), and (e)(1) enhancements and the section 186.22 gang enhancements. It ordered Sawyers to pay direct victim restitution of $4,076 and imposed a restitution fine, a suspended parole revocation restitution fine, court operations fees, and criminal conviction assessments. Sawyers appeals.
*718 DISCUSSION
[[ 1. Sufficiency of the evidence***
2. Sentencing under the Three Strikes law
Sawyers asserts that the trial court improperly sentenced him under the Three Strikes law because the information did not allege his prior burglary conviction was a strike, and he did not admit the conviction constituted a strike within the meaning of the Three Strikes law. This contention has merit.
a. Additional facts
An information filed on January 22, 2015, alleged Sawyers had suffered two prior convictions, one for first degree burglary and one for receiving stolen property. First, the information alleged Sawyers had served a prior prison term for both prior convictions within the meaning of section 667.5, subdivision (b), and stated that if proven, these convictions could each add a one-year term to Sawyers's sentence. Second, the information alleged, as to the first degree burglary: "as to count(s) 1, 2, 3, 4 and 5 ... an executed sentence for a felony pursuant to this subdivision shall be served in state prison pursuant to Penal Code section 1170(h)(3)in that the defendant(s), Brian Alonzo Sawyers, has suffered the following prior conviction(s) of a serious felony described in Penal Code section 1192.7 or a violent felony described *443 in Penal Code section 667.5(c) or is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Penal Code section 290 ) of Title 9 of Part 1." (Italics added, capitalization omitted.) Nowhere did the information expressly reference the Three Strikes law and its alternative sentencing scheme. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)
On June 5, 2015, prior to trial, over a defense objection, the People were permitted to amend the information to add section 12022.53, subdivision (d) and (e)(1) firearm allegations. The prosecutor did not state that the information was being amended to add an allegation that the prior burglary was a strike, nor did the parties or the trial court discuss such an amendment. The trial court's minute order merely states the information was amended "to add *719 special allegations."[8] During the same colloquy, the trial court discussed the prior convictions alleged and referred to them as "two one-year prior allegations." It queried whether Sawyers wished to bifurcate the priors, and Sawyers said he did.
On June 18, 2015, immediately after the jury retired for deliberations, the trial court and the parties discussed the amendments to the section 12022.53 allegations, in the context of the final verdict forms. The prosecutor confirmed that she had made amendments at the start of the trial, "to add (d)" to the section 12022.53 allegations. The trial court then asked defense counsel how he wished to handle the "bifurcated priors," and counsel stated he expected defendant to admit the priors if convicted. The trial court stated that the information "also alleged some priors," and specifically referred to page 8 of the information (the page that contained the section 667.5, subdivision (b) and the section 1170, subdivision (h)(3) allegations). The trial court stated that the information alleged "a prior strike in the VA case, that was the 459 from August 2013 and in addition to that there's another prior conviction of a 496, a nonstrike. They were bifurcated." The trial court advised Sawyers of his Boykin / Tahl rights[9] and his option to choose a bench trial. Sawyers was not informed of any possible punishment under the Three Strikes law. After the trial court confirmed that Sawyers had conferred with his attorney, Sawyers waived jury trial and agreed to a court trial as to the bifurcated priors.
After the jury rendered its verdict on June 19, 2015, defense counsel stated he anticipated a waiver on the prior conviction allegations. At the request of the defense, the matter was continued until August 6, 2015. On July 9, 2015, the People filed a sentencing memorandum requesting that Sawyers's sentence be doubled pursuant to the Three Strikes law. Sawyers filed a sentencing memorandum requesting concurrent terms. He did not object to application of the Three Strikes law.
On August 6, 2015, Sawyers indicated he wished to admit the prior conviction allegations. The trial court obtained Sawyers's waivers and then accepted Sawyers's admission, as follows: "[D]o you ... admit that you suffered a prior conviction in case VA130808 and that was for P.C. 459 in the first degree and that was on or about *444 August 16th, 2013?" Sawyers replied, *720 "Yes."[10] The minute order states that Sawyers admitted "prior conviction on VA130808 and TA129036 pursuant to Penal Code section 667.5(b)." The trial court sentenced Sawyers as set forth above, including doubling the terms on all counts pursuant to the Three Strikes law. At no point did the defense object to Three Strikes sentencing. The trial court did not address, strike or stay any of the allegations that had been alleged pursuant to section 667.5, subdivision (b).
b. Legal principles
The Three Strikes law requires that prior felony convictions be pleaded and proved. (§§ 667, subd. (c), 1170.12, subd. (a); People v. Blackburn (1999) 72 Cal.App.4th 1520, 1525-1526, 86 Cal.Rptr.2d 134.) In addition to this statutory requirement, a defendant "has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." ( People v. Mancebo (2002) 27 Cal.4th 735, 747, 117 Cal.Rptr.2d 550, 41 P.3d 556 ( Mancebo ); see People v. Houston (2012) 54 Cal.4th 1186, 1227, 144 Cal.Rptr.3d 716, 281 P.3d 799 ( Houston ); People v. Robinson (2004) 122 Cal.App.4th 275, 282, 18 Cal.Rptr.3d 744 ["Due process requires the pleading apprise the defendant of the potential for an enhanced penalty and allege every fact and circumstance necessary to establish the increased penalty"].) Thus, "except for lesser included offenses, an accused cannot be convicted of an offense of which he has not been charged, regardless of whether there was evidence at his trial to show he committed the offense. [Citation.] An exception exists if the accused expressly or impliedly consents or acquiesces in having the trier of fact consider a substituted, uncharged offense. [Citations.] The same rules apply to enhancement allegations." ( People v. Haskin (1992) 4 Cal.App.4th 1434, 1438, 7 Cal.Rptr.2d 1.)
The "Penal Code permits accusatory pleadings to be amended at any stage of the proceedings 'for any defect or insufficiency' (§ 1009), and bars reversal of a criminal judgment 'by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits' (§ 960)." ( People v. Whitmer (2014) 230 Cal.App.4th 906, 919, 179 Cal.Rptr.3d 112 ( Whitmer ); People v. Sandoval (2006) 140 Cal.App.4th 111, 132, 43 Cal.Rptr.3d 911.) "Section 969a authorizes amendments to an accusatory pleading for the purpose of alleging a prior felony conviction '[w]henever it shall be discovered' " that the pleading does not charge all prior felonies, up to the time the jury is discharged. (See People v. Sandoval , supra , at p. 132, 43 Cal.Rptr.3d 911 ; People v. Tindall (2000) 24 Cal.4th 767, 776, 782, 102 Cal.Rptr.2d 533, 14 P.3d 207.) A pleading may be amended orally.
*721 ( People v. Sandoval , supra , at pp. 132-133, 43 Cal.Rptr.3d 911 ["California law does not attach any talismanic significance to the existence of a written information"]; Whitmer , supra , at p. 919, 179 Cal.Rptr.3d 112 ["an information may be amended without written alterations to it"].) Additionally, under the "informal amendment" doctrine, a defendant may, by his conduct, impliedly consent to amendment of a pleading. The " 'proceedings in the trial court may constitute an informal amendment of the accusatory pleading, when the defendant's conduct or circumstances created by him amount to an implied consent to the amendment.' " ( Whitmer , supra , at p. 919, 179 Cal.Rptr.3d 112.)
*445 c. Application here
Sawyers argues that he cannot be sentenced under the Three Strikes law despite his admission of the prior conviction, because he lacked adequate notice that he was subject to the Three Strikes sentencing scheme. The People, on the other hand, suggest we can infer from the record that "the amended information added a Three Strikes allegation as to the prior burglary conviction," and therefore it was not deficient. They point out that during the discussion in which Sawyers agreed to a bench trial on the prior conviction allegations, the trial court stated that one of the priors alleged was a strike. In the People's view, because there was no objection at that point, or later when the trial court imposed sentence pursuant to the Three Strikes law, the amended information must have included the Three Strikes allegation. Alternatively, they contend that even if the information was not so amended, Sawyers had fair notice the prior would be treated as a strike. They point out that the information alleged the prior burglary was a serious or violent felony within the meaning of sections 667.5 and 1192.7, and first degree burglary is a strike as a matter of law; at the June 18 proceeding the trial court stated that the burglary was a strike; and the failure to specify a statute by number can be overcome by factual allegations adequately informing the defendant of the sentencing allegation charged. (See People v. Haskin , supra , 4 Cal.App.4th at p. 1439, 7 Cal.Rptr.2d 1 [a reference to an incorrect penal statute "can be overcome by factual allegations adequate to inform the defendant of the crime charged"]; People v. Shoaff (1993) 16 Cal.App.4th 1112, 1117-1118, 20 Cal.Rptr.2d 464.)
In our view, Sawyers's argument carries the day. Given the record, we cannot infer the information was actually amended to allege that the burglary was a strike. The fact the court file does not contain an amended information and the People failed to produce one in response to the superior court clerk's inquiry suggests no written amended information was prepared. The record likewise does not suggest the prosecutor orally amended the information to allege the burglary was a strike. The only amendment discussed on the record at the June 5 proceeding was the addition of section 12022.53, subdivision (d)
*722 and (e)(1) allegations. Defense counsel objected to that addition, but not to any other amendment, suggesting no other amendment was offered. The prosecutor never stated that she was amending to allege a strike. At the same proceeding, the trial court observed that the information contained two "one-year prior allegations," that is, the section 667.5, subdivision (b) prior prison term allegations; it did not mention a strike allegation. The trial court's statement was consistent with the original information - which contained only the section 667.5, subdivision (b) and section 1170, subdivision (h)(3) allegations - rather than with a purported amendment to add a strike allegation.[11] The failure to reference an amendment or state Sawyers was subject to Three Strikes sentencing suggests no amendment was contemplated.
Nor can we conclude the informal amendment doctrine applies. As noted, under that doctrine "a defendant's conduct may effect an informal amendment of an information without the People having formally filed a written amendment to the *446 information." ( People v. Sandoval , supra , 140 Cal.App.4th at p. 133, 43 Cal.Rptr.3d 911.) For example, in Whitmer , the defendant was charged with grand theft under former section 487, based on his orchestration of the theft of motorcycles and other recreational vehicles. ( Whitmer , supra , 230 Cal.App.4th at p. 916, 179 Cal.Rptr.3d 112.) At the relevant time, section 487, subdivision (a) defined grand theft as theft of property valued at over $400; subdivision (d)(1) provided that theft of an automobile was likewise grand theft. The defendant was charged with grand theft under subdivision (d)(1). Without objection, the court instructed the jury that the defendant could be convicted of grand theft if he stole property worth more than $400, or if he stole an automobile. ( Whitmer , supra , at p. 920, 179 Cal.Rptr.3d 112.) Whitmer held that the stolen vehicles did not qualify as "automobiles" within the meaning of section 487, subdivision (d)(1), and therefore the defendant was improperly charged under that subdivision. ( Whitmer , supra , at pp. 917-919, 179 Cal.Rptr.3d 112.) Nonetheless, his conviction could stand, because he was properly convicted under section 487, subdivision (a) of theft of property valued at over $400. Under the "informal amendment doctrine," because the defense never objected to the instructions, the defendant impliedly consented to the submission of both theories to the jury. ( Whitmer , supra , at pp. 919-920, 179 Cal.Rptr.3d 112 ; see also Houston , supra , 54 Cal.4th at pp. 1226-1229, 144 Cal.Rptr.3d 716, 281 P.3d 799 ; People v. Toro (1989) 47 Cal.3d 966, 976-977, 254 Cal.Rptr. 811, 766 P.2d 577 [information charged only attempted murder and assault with a deadly weapon, but defendant's failure to object when the jury was instructed on, and given verdict forms including, the uncharged offense of battery with serious bodily injury, amounted to implied consent to treat the information as having been amended to include the battery charge], disapproved on another ground in *723 People v. Guiuan (1998) 18 Cal.4th 558, 568, fn. 3, 76 Cal.Rptr.2d 239, 957 P.2d 928 ; People v. Hensel (1965) 233 Cal.App.2d 834, 839-840, 43 Cal.Rptr. 865 [at defense counsel's request, after a bench trial the court entered a judgment that defendant was guilty of an unpled lesser charge; by his conduct, defendant impliedly consented to informal amendment], disapproved on another ground by People v. Triggs (1973) 8 Cal.3d 884, 890, 894, fn. 7, 106 Cal.Rptr. 408, 506 P.2d 232.)
The instant matter is distinguishable from the foregoing authorities. The "touchstone of determining the adequacy of an accusatory pleading is whether the defendant had adequate notice of the charges against him." ( People v. Sandoval , supra , 140 Cal.App.4th at p. 134, 43 Cal.Rptr.3d 911 ; Whitmer , supra , 230 Cal.App.4th at p. 919, 179 Cal.Rptr.3d 112 [the function of an accusatory pleading is to give the accused notice of the charges].) The informal amendment doctrine therefore applies only when a defendant had reasonable notice of a sentence enhancement allegation despite an incomplete pleading. Here, Sawyers did not have such notice. The People did not orally amend the information as in Sandoval . Sawyers did not agree to jury instructions or verdict forms on an unpleaded charge, as in Houston , Whitmer and Toro , or request substitution of an unpled charge, as in Hensel . Certainly, Sawyers had notice of the factual allegations underlying Three Strikes sentencing; the information alleged, in the context of section 1170, subdivision (h)(3), the prior burglary was a serious felony described in section 1192.7 or a violent felony described in section 667.5. But neither the information nor the court proceedings gave Sawyers fair notice that *447 his sentence would be doubled under the Three Strikes law.
The first mention of the Three Strikes law was at the June 18, 2015 proceeding, in which the trial court stated in passing that one of the priors was a strike. The defense did not object. But this statement lacked meaningful context, as there was no indication that Sawyers faced the possibility of Three Strikes sentencing. Instead the trial court stated, "[y]ou and your attorney made the decision to bifurcate those" priors. The bifurcated priors had been previously characterized as "one-year prior allegations," that is, alleged as the basis for section 667.5, subdivision (b) prior prison term enhancements. When Sawyers waived his Boykin / Tahl rights on the bifurcated priors and agreed to a court trial, there was no mention of Three Strikes sentencing. The sole reference to one of the bifurcated priors as a prior strike, in this context, was insufficient to give Sawyers notice that he was subject to Three Strikes sentencing.
The first explicit reference to Three Strikes sentencing was in the People's sentencing memorandum, filed July 9, 2015, after Sawyers had waived his right to a jury trial on the prior conviction allegations. When Sawyers admitted his priors, he was not advised that the prior burglary was a strike.
*724 Neither the trial court nor the prosecutor advised that the admission could result in Three Strikes sentencing. Indeed, the minute order states only that Sawyers admitted the priors pursuant to section 667.5, subdivision (b). While the People are correct that defense counsel never objected to the prosecution's sentencing memorandum or to the trial court's imposition of a second strike sentence, on these facts we cannot conclude from those omissions alone that the informal amendment doctrine applies.
Thus, lacking a written, oral, or informal amendment, Three Strikes sentencing was impermissible. Several authorities compel this conclusion. In Mancebo , supra , 27 Cal.4th 735, 117 Cal.Rptr.2d 550, 41 P.3d 556, the defendant was charged with a variety of sexual offenses against two victims. ( Id. at p. 740, 117 Cal.Rptr.2d 550, 41 P.3d 556.) As to each offense, two special circumstances were alleged under the "One Strike" law,[12] but a multiple-victim special circumstance was not alleged. The jury found the defendant personally used a firearm, but the prosecution was forced to choose between using that fact to either impose an enhancement under section 12022.5, subdivision (a), or a life term under the One Strike law. ( Mancebo , supra , at p. 744, 117 Cal.Rptr.2d 550, 41 P.3d 556.) For the first time, at sentencing, the prosecutor sought to dismiss the gun-use allegation under the One Strike law and substitute an unpleaded multiple-victim circumstance so that both the determinate-term enhancement and the life term could be imposed. Mancebo concluded section 667.61, subdivision (f) "precluded the trial court from striking those circumstances in order to free up gun use as a basis for imposing lesser enhancement terms under section 12022.5(a)." ( Mancebo , supra , at pp. 749-750, fn. 7, 117 Cal.Rptr.2d 550, 41 P.3d 556.) It reasoned: "the information neither alleged multiple victim circumstances nor referenced subdivision (e)(5) of section 667.61 in connection with those counts. In other words, no factual allegation in the information or pleading in the statutory language informed defendant that if he was convicted of the underlying charged offenses, the court would consider *448 his multiple convictions as a basis for One Strike sentencing under section 667.61, subdivision (a)." ( Id . at p. 745, 117 Cal.Rptr.2d 550, 41 P.3d 556.) Mancebo concluded the defendant's due process rights (as well as the statutory pleading requirements of the One Strike law) were violated "not because defendant was never afforded notice that he was being charged with crimes against two victims; he obviously was, and not because defendant was never afforded notice that the One Strike law would apply to his case; again, he was. Sentencing error occurred because defendant was given notice that gun use would be used as one of the two pleaded and minimally required circumstances in support of the One Strike terms, whereafter, at sentencing, the trial court used the unpled circumstance of multiple victims to support the One Strike terms, and further imposed two *725 10-year section 12022.5(a) enhancements that could otherwise not have been imposed but for the purported substitution." ( Id. at p. 753, 117 Cal.Rptr.2d 550, 41 P.3d 556.)
In People v. Arias (2010) 182 Cal.App.4th 1009, 105 Cal.Rptr.3d 887, the information charged the defendant with attempted murder, but failed to allege the attempted murders were willful, deliberate and premeditated as expressly required by section 664, subdivision (a). Despite this omission the jury found the defendant guilty of "attempted first-degree" murder and the trial court sentenced him to life terms pursuant to section 664. Relying on Mancebo , the appellate court concluded that because neither the information nor any pleading gave defendant notice that he was potentially subject to the enhanced punishment provision under section 664, subdivision (a), the sentence was improper. ( People v. Arias , supra , at pp. 1019-1021, 105 Cal.Rptr.3d 887.)
In People v. Botello (2010) 183 Cal.App.4th 1014, 107 Cal.Rptr.3d 698, the People charged personal firearm use enhancements against two defendants pursuant to section 12022.53, subdivisions (b), (c), and (d), but did not allege a principal armed allegation under subdivision (e)(1). ( People v. Botello , supra , at p. 1021, 107 Cal.Rptr.3d 698.) The People conceded the evidence was insufficient to prove personal use of a firearm as to either defendant, but argued the section 12022.53 enhancements could nonetheless be imposed pursuant to subdivision (e)(1). ( Botello , supra , at p. 1022, 107 Cal.Rptr.3d 698.) Botello held application of subdivision (e)(1) would violate that subdivision's pleading and proof requirements, as well as the notice requirement of due process. ( Botello , supra , at p. 1022, 107 Cal.Rptr.3d 698.) " '[N]o factual allegation in the information or pleading in the statutory language informed defendant[s] that if [they were] convicted of the underlying charged offenses,' they would be subject to the firearm enhancements of section 12022.53, subdivisions (b) through (d) by virtue of the circumstances listed in subdivision (e)(1)." ( People v. Botello, supra, at p. 1027, 107 Cal.Rptr.3d 698 ; see also People v. Haskin , supra , 4 Cal.App.4th at p. 1440, 7 Cal.Rptr.2d 1 [where nothing in the record suggested defendant had impliedly consented to have the court consider a section 667.5, subdivision (b) allegation as a nonincluded section 667 (five-year) enhancement, trial court was without authority to impose a sentence greater than that authorized by section 667.5, subdivision (b) ].)
Most recently, People v. Wilford (2017) 12 Cal.App.5th 827, 219 Cal.Rptr.3d 765 came to a similar conclusion. There, the defendant was charged with domestic violence. Section 273.5, subdivision (f)(1) provides that a defendant who has suffered specified priors within seven years of the *449 charged offense may be punished with a two-, four-, or five-year term. Subdivision (h)(1) provides that if such a person is granted probation, he or she must serve at least 15 days in jail. The information in People v. Wilford included a section 273.5, subdivision (h)(1) allegation, but not a subdivision (f)(1) allegation. ( People v. Wilford , supra , at pp. 835-836, 219 Cal.Rptr.3d 765.) The *726 trial court found the subdivision (h)(1) allegations true. Without objection, it sentenced Wilford pursuant to subdivision (f)(1), based on its true finding on the subdivision (h)(1) allegation. ( People v. Wilford, supra, at p. 836, 219 Cal.Rptr.3d 765.) This was improper. Although the information alleged Wilford had been convicted of a qualifying offense within the previous seven years, the pleading referenced only section 273.5, subdivision (h)(1). "Nothing in the amended information gave any hint that the prosecution also sought to make Wilford subject to the provisions of section 273.5, subdivision (f)(1), which would increase the applicable sentencing range." ( People v. Wilford , supra , at p. 838, 219 Cal.Rptr.3d 765.) Although the information included "every fact necessary to impose the sentence under section 273.5, subdivision (f)(1)," there was no advisement that the prosecution intended to use the factual allegations to increase Wilford's sentence under subdivision (f)(1). ( People v. Wilford , supra , at p. 838, 219 Cal.Rptr.3d 765.) It was "inconsequential whether section 273.5, subdivision (f)(1) is labeled an enhancement, alternative sentencing scheme, or a sentencing statute. The amended information specified that, for counts 5 and 6, Wilford faced a sentence of two, three, or four years with the possibility of an additional 15 days under section 273.5, subdivision (h)(1) for each count. There was no indication whatsoever that Wilford faced the possibility of a sentence of two, four, or five years for each of those same offenses under section 273.5, subdivision (f)(1). Further, the prosecutor only sought an increased sentence under that subdivision after the jury returned its verdict and the court found true the qualifying prior conviction. The resulting sentence under section 273.5, subdivision (f)(1) violated Wilford's due process rights and cannot stand." ( Id. at p. 840, 219 Cal.Rptr.3d 765.)
The foregoing authorities compel the conclusion that Sawyers cannot be subjected to Three Strikes sentencing. Similar to the One Strike sentencing scheme at issue in Mancebo , the Three Strikes scheme includes a pleading and proof requirement. (§§ 667, subd. (c); 1170.12, subd. (a).) As explained above, Sawyers had notice that the burglary was alleged to be a serious or violent felony for purposes of section 1170, subdivision (h)(3). But, because the information did not allege section 667, subdivisions (b) through (i) or section 1170.12, subdivisions (a) through (d), or otherwise reference the Three Strikes law, Sawyers had insufficient notice that the People would seek sentencing under the Three Strikes law if he admitted the prior, a "critical shortcoming." ( People v. Wilford , supra , 12 Cal.App.5th at p. 840, 219 Cal.Rptr.3d 765 ; see Mancebo , supra , 27 Cal.4th at p. 745, 117 Cal.Rptr.2d 550, 41 P.3d 556 ; People v. Botello , supra , 183 Cal.App.4th at p. 1027, 107 Cal.Rptr.3d 698.) As noted, neither the trial court's mention of the strike nor the information gave Sawyers even an inkling that the People would seek to use the prior burglary as the basis for Three Strikes sentencing. When Sawyers waived his right to a jury trial on the prior conviction allegations, he had no notice that the People intended to request Three Strikes sentencing. By the time he admitted the prior, the People had filed their *727 sentencing memorandum, which did indeed request application of the Three Strikes law. But the *450 People offer no persuasive authority suggesting that, on the facts presented here, a sentencing memorandum is an adequate substitute for a proper pleading.
The People also contend that Sawyers's failure to object to the imposition of a Three Strikes sentence forfeited his claim that he lacked adequate notice. But it is the People's burden to properly plead enhancement allegations, not the defendant's responsibility to ferret them out. A similar argument was rejected in Mancebo , which concluded that imposing a sentence based on an unpleaded gun-use circumstance resulted in an unauthorized sentence not subject to the forfeiture doctrine. ( Mancebo , supra , 27 Cal.4th at pp. 749-750, fn. 7, 117 Cal.Rptr.2d 550, 41 P.3d 556 ; People v. Arias , supra , 182 Cal.App.4th at p. 1017, 105 Cal.Rptr.3d 887 ["imposition of a sentencing enhancement based on an unpled enhancement allegation in violation of statutory pleading requirements amounted to an unauthorized sentence"].)[13]
The People's reliance on People v. Houston in support of their forfeiture argument is unavailing. There, the defendant argued he was improperly sentenced to life imprisonment for each of 10 counts of attempted murder, because the indictment had failed to alleged the attempted murders were willful, deliberate, and premeditated, as required by section 664, subdivision (a). ( People v. Houston, supra, 54 Cal.4th at p. 1225, 144 Cal.Rptr.3d 716, 281 P.3d 799.) Our Supreme Court concluded the defendant had forfeited his contention. ( Ibid. ) During the defense case, the trial court informed the defendant that the prosecution was attempting to charge premeditation; cautioned that if " 'that's not right,' " the parties should inform the court; and stated that premeditated attempted murder was punishable by life in prison. ( Id. at p. 1226, 144 Cal.Rptr.3d 716, 281 P.3d 799.) The court also presented the parties with draft verdict forms which asked jurors to determine whether the attempted murders were willful, deliberate, and premeditated, and subsequently instructed the jury on premeditation. At no time did the defendant object. Under these circumstances, Houston concluded, the defendant had forfeited his contention that the flawed indictment precluded the imposition of the life sentences. ( Id. at p. 1228, 144 Cal.Rptr.3d 716, 281 P.3d 799.) He had adequate notice "of the punishment he faced," because the trial court had "expressly noted that defendant, if convicted, would be sentenced to life imprisonment." ( Id. at p. 1227, 144 Cal.Rptr.3d 716, 281 P.3d 799.) But the same cannot be said here. As we have explained, Sawyers was not notified, before waiving his right to a jury trial, that he potentially faced a Three Strikes sentence. Accordingly, we order the sentence vacated and remand the matter for resentencing.
*728 3. Custody credits†
DISPOSITION
The sentence is vacated and the matter is remanded for resentencing consistent with the opinions expressed herein. In all other respects, the judgment is affirmed.
We concur:
EDMON, P. J.
LAVIN, J.

Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

For ease of reference, and with no disrespect, where family members share the same last name we sometimes refer to them by their first names.

In addition to this gang-related evidence, the People presented the testimony of a gang expert. Because Sawyers does not challenge the sufficiency of the evidence to support the gang enhancements, we do not detail this additional testimony.

We discuss this evidence in more detail where relevant in the unpublished portion of the opinion.

All further undesignated statutory references are to the Penal Code.

See footnote *, ante.

The record on appeal does not contain a copy of an amended information. The superior court clerk has certified that she was unable to locate such a document in the superior court's files. She requested that the district attorney's office search their files as well, but they were unable to locate a copy.

Boykin v. Alabama (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 ; In re Tahl (1969) 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 ; In re Yurko (1974) 10 Cal.3d 857, 863, 112 Cal.Rptr. 513, 519 P.2d 561.)

Sawyers also admitted suffering the prior conviction for receiving stolen property. He does not challenge the validity of that admission on appeal.

That the amendment did not include a strike allegation was further evidenced by the fact that the only case cited, People v. Oates (2004) 32 Cal.4th 1048, 12 Cal.Rptr.3d 325, 88 P.3d 56, related to the section 12022.53, subdivision (d) enhancement.

Like the Three Strikes law, the One Strike law is an alternative sentencing scheme. (People v. Carbajal (2013) 56 Cal.4th 521, 534, 155 Cal.Rptr.3d 335, 298 P.3d 835 ; Mancebo, supra, 27 Cal.4th at p. 738, 117 Cal.Rptr.2d 550, 41 P.3d 556.)

In light of our conclusion, we do not reach the parties' arguments regarding ineffective assistance of counsel.

See footnote *, ante.