Filed 9/8/25  P. v. King CA4/3
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064555 |
| v. | (Super. Ct. No. FRE02127) |
| RUSSELL LEROY KING, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Daniel W. Detienne, Judge. Affirmed but remanded for limited purpose.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting, and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Russell Leroy King pleaded guilty to assault and battery in 1997. He now appeals a trial court order which amended the abstract of judgment to reflect that the 10-year enhancement added to his sentence was done by authority of Penal Code section 667, subdivision (a) and not section 667.5, subdivision (a),[1] as the previous abstract stated. The trial court's action was prompted by a 2023 letter from the California Department of Corrections and Rehabilitation (DCR) advising that the 10-year enhancement comports not with the prison prior statute, but with the nickel prior statute.

King appeals the trial court's amendment of the abstract because his plea form as well as the written judgment of the court in 1997 referenced the prison prior statute, and not the nickel prior statute. Thus, he contends, it was not clear that the nickel prior was contemplated by the parties at the time of the plea, and the court's *nunc pro tunc* change to the abstract was an unauthorized rewriting of the plea agreement. He seeks a full resentencing to resolve the anomaly.

We agree with the trial court that the citation to the prison prior statute was a clerical error. Thus, we affirm its postjudgment order. But we remand the matter nevertheless so the trial court may consider whether to exercise its new discretion under section 1172.1, subdivision (a) to recall King's sentence and resentence him, especially considering the many changes to the sentencing laws taking place since his original plea was entered.

---

[1] All undesignated statutory references are to the Penal Code. For ease of reference and clarity in this opinion, we refer to the five-year enhancement under section 667, subdivision (a) as "nickel prior," as it is informally known. We refer to the three-year enhancement under section 667.5, subdivision (a) as "prison prior."

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In November 1996, a felony complaint was filed in San Bernardino County against King alleging that he committed assault using a deadly weapon causing great bodily injury. The complaint was amended in December 1996 to further allege that King had suffered two prior convictions of serious felonies pursuant to section 667, subdivisions (b) through (i). Both prior convictions were for robberies; one in 1984 and the other in 1991.

On January 2, 1997, the prosecutor filed an information, adding a charge for a count of battery upon an officer causing injury. The allegations under section 667, subdivisions (b) through (i) remained. A consolidated information was filed on January 31, 1997 as to both the assault and the battery counts. Again, the allegations of prior convictions were made as to both counts under section 667, subdivisions (b) through (i).

On June 20, 1997, King entered a plea agreement with the prosecutor wherein he pleaded guilty to all charges. Among the charges on his plea form were the prior convictions under section 667, subdivisions (b) through (i). Additionally, the agreement indicated the prosecutor had agreed to "PC 667.5(a) priors (2) 5 years each consecutive total 10 years consecutive." The court approved the plea agreement and sentenced King to 25 years to life plus 10 years "pursuant to PC 667.5(a)," for a total of 35 years to life with credit for time served.[2] An abstract of judgment was entered on July 9, 1997,

---

[2] The deputy clerk of the appeals division of the San Bernardino County Superior Clerk submitted an affidavit stating that, because the plea hearing took place more than 10 years ago, the transcript of the hearing has been destroyed. We therefore have no evidence of what was said at the hearing.

3

stating that King was receiving 10 years on top of his main sentence based on "PC 667.5(a)."

On June 6, 2023, the San Bernardino Superior Court received correspondence from a correctional case records analyst at the DCR. The analyst notified the court that there was an anomaly in King's abstract of judgment; namely, that it reflected two enhancements pursuant to the prison prior statute, each with a five-year enhancement. However, she noted "[t]he punishment for PC 667.5(a) is 3 years." She then proffered that the court may have intended to cite the nickel prior statute, which would result in an enhancement of five years per prior serious felony. The analyst asked the court to review whether a correction to the sentence was required, and reminded the court that it was entitled to reconsider all sentencing choices.

The trial court set a hearing for November 17, 2023, to discuss DCR's letter. It offered both sides an opportunity to present evidence on the issue, which opportunity was declined by both. The prosecutor encouraged the court to find that all parties almost certainly intended to cite the nickel prior statute and not the prison prior statute. King's attorney argued that the court could not go back and rewrite the terms of his plea agreement.

The court decided there had been a clerical error and that the sentence was supposed to be 10 years under the nickel prior statute. It ordered the abstract of judgment amended accordingly.

## DISCUSSION

### I.

### STANDARD OF REVIEW

King argues the trial court violated his right to due process by changing the terms of his plea agreement in the guise of "correcting" the abstract of judgment.

4

The question of whether a trial court possesses an inherent authority is reviewed de novo. If the trial court exercises a power already well-established in the law, we review its ruling for abuse of discretion. (See *People v. Lujan* (2012) 211 Cal.App.4th 1499, 1507.)

There can be no doubt the trial court here possessed the inherent authority to correct clerical errors in its records. (See *People v. Flores* (1960) 177 Cal.App.2d 610, 613.) However, because King argues the error purportedly being "corrected" was not clerical at all, but a rewriting of the plea agreement, we must resolve the nature of the error first.

As the trial court took no additional evidence in making its ruling, we use our own independent judgment as to the proper interpretation of the record of conviction. (See *Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865 ["It is . . . solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence. Accordingly, 'An appellate court is not bound by a construction of the contract based solely upon the terms of the written instrument without the aid of evidence [citations], where there is no conflict in the evidence [citations], or a determination has been made upon incompetent evidence'"].)

II.

THE TRIAL COURT CORRECTLY FOUND THE ABSTRACT OF JUDGMENT CONTAINED A CLERICAL ERROR REGARDING THE STATUTORY AUTHORITY FOR THE ENHANCEMENT IN KING'S SENTENCE

"'A clerical error in the judgment includes inadvertent errors made by the court "which cannot reasonably be attributed to the exercise of judicial consideration or discretion." [Citations.] . . . "The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' [Citation.] Any

5

attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted. [Citation.]" [Citation.] A judicial error is the deliberate result of judicial reasoning and determination.' (*Conservatorship of Tobias* [(1989] 208 Cal.App.3d 1031, 1034–1035.) "'The term 'clerical error' covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected . . . .'" (*Id.* at p. 1035.)" (*Estate of Douglas* (2022) 83 Cal.App.5th 690, 695.)

Additionally, "[a]n amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error . . . unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

The problem in this case is that the record is both aged and scant. And the error made here is ubiquitous. It is not as though the nickel prior statute was referenced in most of the documents, and the prison prior statute was erroneously written down in one place. Across multiple documents— specifically, the plea agreement, sentencing order, and original abstract of judgment—the prison prior statute, not the nickel prior statute, is the authority cited for the enhancement. Yet, just as consistently across those documents, 10 years is listed as the additional time added to the sentence.

The trial court cited several factors by which it ascertained the parties intended to cite the nickel prior statute. On balance, they are persuasive.

First, of course, is the 10-year length of the enhancement, which is the equivalent of two nickel priors. If the enhancement was under the prison prior statute, the length of the enhancement should have been six years, or the equivalent of two three-year prison priors.[3] Correcting the statutory authority for the enhancement does not substantially alter or modify King's original sentence.

The second thing the trial court observed was that King's crimes would qualify as prior serious felonies for purposes of the nickel prior statute. However, they would not have qualified for the prison prior enhancement. For that enhancement to apply, the prior felonies as well as the current offense had to be one of the crimes listed in subdivision (c) of the prison prior statute, deemed "violent felonies." (§ 667.5, subds. (a) & (c).)

The two counts in King's 1997 case, assault and battery, are not independently listed as violent felonies in the statute. What is listed is "[a]ny felony in which the defendant inflicts great bodily injury on a person other than an accomplice *which has been charged and proved as provided for in Section 12022.7 . . . or 12022.9 . . .*" (§ 667.5, subd. (c)(8), italics added.) Because King never admitted the section 12022.7 special allegation, it was not proven. As such, his 1997 offense would not have qualified as a violent felony, and a prison prior enhancement could not be imposed.

---

[3] Both the prosecutor and the trial court opined that a defense attorney would not likely overlook or allow a four-year discrepancy in a client's negotiated sentence. This is speculation. Reasoned speculation, but speculation nonetheless. None of the professionals who participated are or were available to explain. It is just as possible that the agreed-upon sentence was inaccurately transcribed. It is impossible to tell from the plea agreement which attorney filled it in, but it is possible King's own attorney made the mistake.

The court also observed that the prison prior statute contains a 10-year "washout period." Section 667.5, subdivision (a) provides "an additional term shall not be imposed pursuant to this subdivision for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense that results in a felony conviction." The court noted King had a prior felony conviction from 1984, and concluded it would be "beyond the ten-year washout period."

On this point, we disagree. The consolidated information in King's case indicated he had *two* prior felony convictions; one in 1984 and the second in 1991. The 1991 conviction came only seven years after the 1984 conviction. This means King had committed the second felony offense less than 10 years after the first, and he then committed the 1997 offense less than 10 years after the 1991 offense. The ten-year washout period did not preclude imposition of the prison prior for either conviction under section 667.5, subdivision (a) of the statute, so long as both were violent felonies.[4]

Another reason to deem the error clerical is the fact that the prison prior enhancement was not alleged in the accusatory pleading. We sought briefing from the parties on this issue, citing section 1170.1,

---

[4] Section 667.5, subdivision (b) is a different story. Under subdivision (b) of the prison prior statute, a one-year enhancement may not be imposed based on a crime committed prior to a period of *five* years during which the defendant remains free of custody and does not commit a felony offense. Subdivision (b) is never cited as the basis for the enhancement in King's case; in any event, the Legislature has declared the one-year enhancement invalid for everything but certain sexually violent offenses. (See §§ 1172.75, subd. (a); 667.5, subd. (b).) This case does not involve such offenses.

subdivision (e), which states: "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."

King argues either enhancement should have been alleged in the accusatory pleading, and imposition of sentence on either enhancement would therefore have been unauthorized. (See *People v. Nguyen* (2017) 18 Cal.App.5th 260, 269–270 [finding trial court erred in imposing an unpleaded nickel prior enhancement].) The Attorney General argues King's plea agreement gives rise to an implied oral amendment of the pleading to allege the enhancement.

The Attorney General has the better argument. Under the informal amendment doctrine, "a defendant's conduct may effect an informal amendment of an information without the People having formally filed a written amendment to the information." (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 133.) Aside from the plea agreement itself, there is no other evidence of conduct effecting an informal amendment. However, "[t]he informal amendment doctrine . . . applies . . .when a defendant had reasonable notice of a sentence enhancement allegation despite an incomplete pleading." (*People v. Sawyers* (2017) 15 Cal.App.5th 713, 723.)

We must remember that King's sentence was imposed at a time when nickel prior enhancements were mandatory. As the Second District Court of Appeal stated in a contemporary case: "In the Three Strikes context, the same allegation that a particular prior qualified as a serious felony may serve two separate purposes: *for use as a five-year enhancement under section 667, subdivision (a)*; and as a 'strike' for application of the Three Strikes laws. (See, e.g., §§ 667, subds. (a), (d)—(i), 1170.12, subd. (b)(1), 1192.7, subd. (c).) While a serious felony may be stricken by the court for purposes of the

9

Three Strikes law (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529–530), the same is not true for purposes of a five-year enhancement. When the truth of the allegation of conviction of a crime qualifying for a five-year enhancement has been established, it is mandatory that the enhancement be imposed. (*People v. Dotson* (1997) 16 Cal.4th 547, 550, 554–560; *People v. Purata* (1996) 42 Cal.App.4th 489, 498.) Failure to impose the five-year enhancement under these circumstances results in an unauthorized sentence, which may be addressed for the first time by the reviewing court. " (*People v. Turner* (1998) 67 Cal.App.4th 1258, 1268–1269.)

The consolidated information in King's case alleged the counts constituted strikes under section 667, subdivisions (b) through (i). And as part of his plea agreement, King admitted the prior convictions were strikes. As such, the court had no discretion at the time to strike or dismiss the nickel prior enhancement. This leads us to the conclusion the parties must have mistakenly—though repeatedly—cited to section 667.5, subdivision (a) rather than section 667, subdivision (a).

III.

REMAND IS REQUIRED SO THE TRIAL COURT MAY DETERMINE WHETHER TO RECALL KING'S SENTENCE AND RESENTENCE HIM IN RESPONSE TO DCR'S INQUIRY

Even though we conclude the record of conviction contained only a clerical error regarding King's sentence, we remand the matter so the trial court may consider whether to recall and resentence King under section 1172.1, subdivision (a). We do so for two reasons. First, DCR's letter stated as follows: "When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* [(1986)185 Cal.App.3d] 831." Second, there

have been ameliorative changes in the sentencing laws since King pleaded guilty in 1997.

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) However, section 1172.1, subdivision (a)(1) allows the court to recall and resentence a defendant "upon the recommendation of the secretary" of DCR. "The recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is an invitation to the court to exercise its equitable jurisdiction." (*People v. Codinha* (2023) 92 Cal.App.5th 976, 978 (*Codinha*).)

At the time the court was considering the error in King's sentence, in November 2023, it had no jurisdiction to recall and resentence on its own motion absent a recommendation from certain individuals, such as the DCR secretary. But that has since changed.

"Effective January 1, 2024, the Legislature amended section 1172.1 to expand the court's ability to recall and resentence a defendant on its own motion. (See [Assembly] Bill No. 600 (2023-2024 Reg. Sess.; Stats. 2023, ch. 446, § 2.) Now, a court still may recall a sentence on its own motion within 120 days of commitment for any reason 'rationally related to lawful sentencing.' (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.) But it also may recall the sentence on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.' (§ 1172.1, subd. (a)(1).) This recall-and-resentencing 'may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case.' (*Ibid.*) [¶] Section 1172.1 permits a trial court to apply changes in law even

11

where the Legislature has not made a change retroactive. Yet the law does not allow a court to recall-and-resentence where the applicable sentencing laws have not 'changed' since the last sentencing. (§ 1172.1, subd. (a)(1).)" (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 694–695 (*Faustinos*).)

In *Faustinos*, the applicable sentencing laws had not changed since the defendant's 2019 sentence was imposed. Here, the same cannot be said. Significant changes have been made to the sentencing laws since 1997; not the least of which is the trial court's expanded authority to strike or dismiss enhancements under section 1385.

We note *Codinha* came out differently even though the trial court in that case received a similar letter from a case records manager at DCR identifying a potential error in the appellant's sentence. But we find *Codinha* distinguishable.

In 2020, the court in *Codinha* sentenced the defendant to serve one count concurrent with another, when the law required him to serve the sentences consecutively. (*Codinha, supra,* 92 Cal.App.5th at pp. 982–983.) The DCR case records manager alerted the court about the issue in a February 2022 letter, and said the court could reconsider all sentencing choices when notified of an illegal sentence. (*Id.* at p. 983.) Under its power to correct clerical error, the trial court modified appellant's sentence from eight years to nine years four months. (*Id.* at pp. 982–983.)

Division One of this court found this was improper because the court had deliberately exercised its sentencing discretion in initially declining to impose a consecutive term on the additional count. It could not thereafter change its decision by purporting to correct clerical error. (*Codinha, supra,* 92 Cal.App.5th at p. 986.) The appellate court did not believe DCR's letter furnished authority to recall and resentence under section 1172.1. Even if it

did, the appellate court observed the new sentence could not be authorized under section 1172.1 because the statute only permits resentencing if the new sentence is no greater than the initial one. (*Codinha* at p. 987; see also § 1172.1, subd. (a)(1).)

While we agree that the language of DCR's letter does not explicitly recommend recall and resentencing under section 1172.1, subdivision (a), the language did encourage the court to reconsider all sentencing choices—if need be. In light of the time that has passed since King was originally sentenced, and ensuing developments in the law, we conclude such a need may very well exist here.

## DISPOSITION

The postjudgment order is affirmed, but the matter is remanded so the trial court may consider whether to exercise its discretion to recall and resentence King under recent amendments to section 1172.1, subdivision (a).


MOORE, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.


13